DECISION AND JOURNAL ENTRY
Appellant, Nelson Rodriguez, appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division. We reverse and remand.
 I.
On March 31, 1994, Nelson Rodriguez filed a complaint seeking divorce from Alison Rodriguez. The trial court granted a divorce on August 3, 1994. Ms. Rodriguez, appellee, moved to modify the prior allocation of parental responsibilities. In a judgment entry journalized on June 23, 1997, the trial court modified parental rights and responsibilities, ordering, in part, that Mr. Rodriguez pay no child support. Apparently, although no motion or other filing appears in the record, the Child Support Enforcement Agency ("CSEA") conducted an administrative review and modified the child support order issued by the trial court. Subsequently, apparently after exhausting his administrative appeals, Mr. Rodriguez filed objections to the CSEA's determination with the trial court. The matter was referred to a magistrate. On July 23, 1998, Mr. Rodriguez filed a motion with the magistrate averring that the CSEA's modification was improper as a matter of law. The magistrate rendered an opinion on September 11, 1998, ruling that a modification was appropriate and instituting a modification without further proceedings. An unsigned worksheet apparently completed by the CSEA or the Lorain County Court of Common Pleas, Domestic Relations Division, was attached and incorporated by reference in the magistrate's opinion. The trial court also duly signed the September 11, 1998 judgment entry. On September 25, 1998, Nelson Rodriguez filed objections to the magistrate's decision. On December 3, 1998, after a hearing was held, the trial court issued an order stating findings of fact and holding that the judgment entered on September 11, 1998 was affirmed. This appeal followed.
 II.
Nelson Rodriguez asserts two assignments of error. As we find the second assignment of error dispositive, we will address it first.
A. Second Assignment of Error
 IT IS ERROR FOR THE TRIAL COURT TO HAVE DEPRIVED THE APPELLANT OF AN EVIDENTIARY HEARING ON FACTUAL ISSUES PERTAINING TO INCOME, EMPLOYMENT (OR LACK THEREOF), AND DEVIATIONAL FACTORS IN A CHILD SUPPORT MODIFICATION CASE.
Mr. Rodriguez avers that the trial court erred when it denied his request for a hearing regarding the modification of an earlier child support order. We agree.
"Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo."Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107,108.
After the CSEA revises the amount to be paid under a child support order and an administrative hearing is requested and held,
 If an obligor or obligee files a request for a court hearing on a revised amount of child support to be paid under a child support order in accordance with division (C) of this section and the rules adopted under division (B) of this section, the court shall conduct a hearing in accordance with division (C)(1)(c) of section 3113.21
of the Revised Code.
R.C. 3113.216(D).
If a hearing is requested, the court "shall schedule and conduct a hearing to determine if the revised amount of child support is the appropriate amount and if the amount of child support being paid under the child support order otherwise should be revised." R.C. 3113.21(C)(1)(c)(i). The court must give the obligor, obligee, and the CSEA "at least thirty days' notice of the date, time, and location of the hearing[.]" R.C.3113.21(C)(1)(c)(ii). "[I]f the court determines at the hearing that the revised amount of child support calculated by the agency is the appropriate amount[,]" the trial court shall "issue a revised child support order requiring the obligor to pay the revised amount of child support calculated by the agency[.]" Id.
In the instant case,[1] Mr. Rodriguez, as indicated in the magistrate's May 29, 1998 order, objected to the CSEA's revision of the child support amount that he is required to pay.[2] On June 26, 1998, the magistrate ordered Mr. Rodriguez to submit a brief on the legal issue of whether the CSEA could modify the agreement, which was entered into by Mr. and Ms. Rodriguez and journalized by the trial court on June 23, 1997. Mr. Rodriguez was ordered to file his brief on or before July 23, 1998, and the hearing was postponed until August 13, 1998 at 2:30 p.m. Mr. Rodriguez filed his brief, discussing the aforementioned issue, on July 23, 1998. The magistrate issued an order journalized on August 17, 1998, stating that "HEARING HAD." The magistrate issued a decision, which the trial court also signed, on September 11, 1998, ruling on both the legal issue of the propriety of any modification and the evidentiary issues involving the amount of the modification. Mr. Rodriguez's attorneys represented to the trial court in a hearing conducted on Mr. Rodriguez's objections to the magistrate's order that no hearing was held as to evidentiary matters, reiterating Mr. Rodriguez's demand for a hearing. Moreover, the trial court, in overruling the objections to the magistrate's opinion, states not that a hearing was held but that "[t]here was no reservation of right to further hearing[.]"
From the record before us, we conclude that "a hearing to determine if the revised amount of child support is the appropriate amount and if the amount of child support being paid under the child support order otherwise should be revised[,]" which is required pursuant to R.C. 3113.21(C)(1)(c)(i), was not held. Moreover, the record does not evidence that Mr. Rodriguez waived his request, made pursuant to R.C. 3113.216(D), for a hearing. Further, we note that the child support computation worksheet prescribed under R.C. 3113.215, which accompanied the trial court decision of September 11, 1998, was never signed by either parent, an attorney representing either parent, or a notary. "The terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects." Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph two of the syllabus. The absence of signatures indicates that neither parent reviewed the calculations, which further indicates that no hearing was held as to the amount of the revised child support payment calculations. Accordingly, Mr. Rodriguez's second assignment of error is sustained.
B. First Assignment of Error
 THE TRIAL COURT ERRED IN PERMITTING THE CSEA TO MODIFY A PRIOR PARENTING ORDER THAT CONTAINED NO CHILD SUPPORT ORDERS WHEN THERE IS NO SHOWING OF CHANGED CIRCUMSTANCES THREE MONTHS EARLIER [sic] WHEN THE PRIOR PARENTING ORDER WAS MADE.
Mr. Rodriguez avers that the trial court erred in allowing a modification where the parties had previously entered into a shared parenting arrangement. We do not reach the merits of this assignment of error.
 In determining whether a case is moot, "`[t]he duty of this court, as of every judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the [appellant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. * * *'" Miner v. Witt (1910), 82 Ohio St. 237, 238-239, 92 N.E. 21, 22, quoting Mills v. Green (1895), 159 U.S. 651, 653.
(Alterations original.) State ex rel. Eliza Jennings, Inc.v. Noble (1990), 49 Ohio St.3d 71, 74.
As we conclude that an evidentiary hearing is required to determine whether a modification is appropriate in this case, our resolution of whether such a modification is proper is premature, necessarily depending on the trial court's resolution of the evidentiary matters following the hearing. Moreover, as the record before us lacks sufficient evidence — at this time — to determine the basis of the trial court's decision or whether a change in circumstances occurred, our ruling on this assignment of error would be premature. Hence, we adduce that Mr. Rodriguez's first assignment of error is not ripe for review or is moot, depending upon the trial court's resolution of the merits of this case. Accordingly, Mr. Rodriguez's first assignment of error is overruled.
 III.
Mr. Rodriguez's second assignment of error is sustained, and his first assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, P.J., SLABY, J., CONCUR.
[1] We note that no brief was filed in opposition to Mr. Rodriguez's appellate brief. Therefore, we have only the record of the trial court and Mr. Rodriguez's statement of the facts before us. See App.R. 18(C).
[2] We reserve judgment as to whether a child support order, which requires zero support to be paid, is an "existing child support order" pursuant to R.C. 3113.216. See Treadway v. Ballew
(Oct. 7, 1998), Summit App. No. 18984, unreported, at 6-7.