DECISION AND JOURNAL ENTRY
Appellants, Beate Poljakov and the Federal Republic of Germany, appeal the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. We reverse and remand.
 I.
On February 21, 1995, Beate Kshywonis (now Poljakov) and Thomas Michael Kshywonis were divorced by order of the Bernkastel-Kues Local Court in the Federal Republic of Germany. The union of Ms. Poljakov and Mr. Kshywonis produced two children: Jacquelene Maria Kshywonis and Kathleen Gayle Kshywonis. The divorce decree provided that the care and custody of these children would be vested in Ms. Poljakov.
Ms. Poljakov applied for public welfare in Kirchberg in the Federal Republic of Germany. Her application was granted on April 1, 1997, and thereafter, she received support payments from the Federal Republic of Germany for the care of Jacquelene and Kathleen. On December 1, 1997, Ms. Poljakov assigned her right to collect child support to the local government of Kirchberg to the extent of the support payments which she was receiving.
On October 20, 1998, Ms. Poljakov and the Federal Republic of Germany filed "NOTICE OF REGISTRATION OF AN OUT-OF-STATE SUPPORT ORDER R.C. 3115.39-3115.45" in the Summit County Court of Common Pleas, Domestic Relations Division.[1] The matter was referred to a magistrate who ruled that: (1) child support was not set by the German Court; and (2) the Ohio court must set child support payments pursuant to R.C. 3113.21-.219. Mr. Kshywonis filed objections to the magistrate's decision. On October 8, 1999, the trial court entered judgment, overruling the magistrate's decision and ordering Mr. Kshywonis to pay child support in the amount set forth in a document construed by the trial court to be a German child support order. The trial court based its decision on two grounds: (1) that Mr. Kshywonis had not received notice that child support would be set pursuant to R.C.3113.21-.219, and that it was a violation of Mr. Kshywonis's right to due process to proceed with a child support determination without adequate notice; and (2) that the German court had entered judgment as to child support, and therefore, the trial court could register the foreign child support order. This appeal followed.
 II. Appellants assert two assignments of error. We will address each in turn.
A.
 THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO SET SUPPORT PURSUANT TO THE OHIO CHILD SUPPORT GUIDELINES AS MANDATED BY O.R.C. 3115.14.
 Appellants assert that the trial court erred by enforcing a German child support order rather than establishing a child support order under Ohio law because no German support order exists. We agree.
"Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo."Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107,108.
Ohio has codified the Uniform Interstate Family Support Act at R.C. 3115 et seq. Under this statute one who resides out of state and seeks child support from a party residing in Ohio may either: (1) file a complaint seeking child support with an initiating tribunal in one's local jurisdiction seeking support, R.C. 3115.12, and then have the documents forwarded to a responding tribunal in Ohio for a determination and judgment, R.C.3115.01-.31;[2] or (2) register a child support order, which was entered in a foreign jurisdiction with the appropriate tribunal, in Ohio for enforcement, R.C. 3115.39-.59. Income withholding orders may be sent to an Ohio employer without filing a complaint or registering an order in Ohio to set the amount of child support. R.C. 3115.32.
In the instant case, the Federal Republic of Germany has been making payments to Ms. Poljakov, a resident of Germany, for the support of her children.[3] The Federal Republic of Germany and Ms. Poljakov, appellants, seek an order from the Summit County Court of Common Pleas mandating that Mr. Kshywonis pay child support and reimburse the Federal Republic of Germany for the support payments which it has made. Hence, we must resolve whether the order which appellants seek is to be based on a support order already issued by a German court or whether appellants seek a support order under Ohio law.
Although Mr. Kshywonis received "NOTICE OF REGISTRATION OF AN OUT-OF-STATE SUPPORT ORDER R.C. 3115.39-3115.45," we conclude that appellants were actually requesting the entry of a child support order under Ohio law, rather than the registration of an order entered by a German court. In appellants' petition under the Uniform Reciprocal Enforcement of Support Act, the section requesting the "[r]egistration of the support order attached hereto" is crossed off, while the section requesting "[a]n order directing respondent to pay support in the amount of $181.89 for Jaquelene [and] $138.45 for Kathleen per month" is filled out and the box appropriate to this request is marked. Moreover, the German Court Order for divorce does not set a child support payment, and the Presiding Judge of the German Court certifies in appellants' petition to the Summit County Court of Common Pleas, Domestic Relations Division, that
 [the court] has examined the Complaint of the above named petitioners [appellants herein] and finds that the Complaint sets forth facts from which it may be determined that the respondent [Mr. Kshywonis] owes a duty of support to the dependent(s) named in the verified Complaint for Support in the sum as demanded.
 Further, the Presiding Judge of the German Court states that "in the opinion of the undersigned Judge the respondent should be compelled to answer such Complaint and be dealt with according to law," indicating that the German Court is not entering judgment on the issue of child support, but rather, is forwarding the complaint to the responding court in Ohio for resolution of the child support issue. Therefore, we conclude that the document filed by appellants was a complaint, and therefore, the trial court erred in registering it as an order. Appellants' first assignment of error is sustained.
B.
 THE APPELLEE RECEIVED ADEQUATE NOTICE OF THE PROCEEDINGS, AS HE WAS SERVED WITH THE FOREIGN PETITION AND ACCOMPANYING DIVORCE, AND FURTHER SUBMITTED HIMSELF TO THE JURISDICTION OF THE COURT BY REQUESTING A HEARING TO CONTEST TO VALIDITY [sic] OF THE REGISTRATION OF THE [sic] FOREIGN ORDER.
 Appellants aver that the trial court erred in concluding that Mr. Kshywonis did not receive adequate notice of the proceeding against him. Appellants assert that Mr. Kshywonis had notice that appellants sought a child support order. Therefore, appellants apparently argue that the magistrate was correct in determining child support pursuant to R.C. 3113.21-.219 although the notice which Mr. Kshywonis received recited that appellants sought only to register a foreign order. We disagree.
 The United States Supreme Court has held that "[t]he fundamental requisite of due process of law is the opportunity to be heard." The court has also held that: "An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * *"
(Citations omitted.) Ohio Valley Radiology Assoc., Inc. v.Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 124-25. Here, appellants admit that "[t]he agency, misread the petition and assumed that the monthly amount of public assistance received by the children was an order, and filed said notice." Mr. Kshywonis was given notice of and was prepared to argue the issue of registration of a foreign support order rather than the amount of child support to be awarded under R.C. 3113.21-.219 at the hearing. Moreover, he timely objected to addressing those issues at the hearing. Due process of law mandates that Mr. Kshywonis receive notice and an opportunity to be heard. Hence, we cannot conclude that the trial court erred in concluding that the hearing before the magistrate was insufficient as a matter of due process to serve as a basis for setting child support. Accordingly, appellants' second assignment of error is overruled.
 III.
Appellants' first assignment of error is sustained and their second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is reversed in part and affirmed in part, and the cause is remanded for further proceedings not inconsistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 _________________________ WILLIAM G. BATCHELDER
FOR THE COURT SLABY, J.
WHITMORE, J., CONCUR
[1] The Child Support Enforcement Agency filed the instant action upon receipt of the complaint from the appellants pursuant to R.C. 3115.18.
[2] Generally, the procedure followed is that the initiating tribunal must forward the documents to the responding tribunal in Ohio, R.C. 3115.15, or to the appropriate support agency in Ohio to commence proceedings before the appropriate tribunal, R.C.3115.15 and 3115.18. Generally, the Ohio tribunal, which hears the cause, will apply Ohio law to determine the level of support. R.C. 3115.04 and 3115.14.
[3] We note that there is a dearth of evidence in the record as to whether the Federal Republic of Germany is a "State" within the meaning of R.C. 3115.01(T)(2), that is, as to whether it is "[a] foreign jurisdiction that has enacted a law or established procedures for issuance and enforcement of support orders that are substantially similar to the procedures under sections 3115.01 to3115.59 of the Revised Code, the uniform reciprocal enforcement of support act, or the revised uniform reciprocal enforcement of support act." However, as this is not assigned as error, we will not address it because we will not presume irregularity on the part of the trial court.