OPINION
Plaintiffs-appellants Ponnie Kemp ("Ponnie") and Joseph Kemp ("Joseph") appeal from a judgment rendered by the Mahoning County Common Pleas Court sustaining a motion for summary judgment filed by defendant-appellee Mildred Thompson d.b.a. Thompson Concessions. For the following reasons, the judgment of the trial court is reversed and this cause is remanded.
 STATEMENT OF THE CASE
Joseph was employed at a concession stand where Darren Kerr ("Kerr") was the supervisor. Appellants contend that on July 30, 1997, Kerr was supposed to relieve Joseph from his duty at the concession. When he did not show, appellants claim that they returned to their hotel room with the money from the concession stand. Appellants contend that Kerr subsequently arrived and became violent.
Appellants filed a complaint against appellee and Kerr. The complaint alleged that appellants suffered severe injuries when they were assaulted by Kerr. They named appellee as a defendant, claiming that she owned the concession and was negligent in hiring and retaining Kerr. Appellee filed an answer denying that she employed Kerr.
Appellee filed a motion for summary judgment. Along with her motion, appellee attached an affidavit in which she stated that Kerr was not her employee. Appellants filed a memorandum in opposition to appellee's motion along with affidavits in which they claimed that Kerr was employed by appellee. The trial court sustained appellee's motion. Pursuant to Civ.R. 54(B), the trial court determined that there was no just reason for delay. This appeal followed.
 ASSIGNMENT OF ERROR
Appellants' sole assignment of error on appeal alleges:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."
 STANDARD OF REVIEW
We review the trial court's grant of summary judgment de novo.Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue of material fact remains to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears that reasonable minds can only come to a conclusion that is adverse to the nonmovant. Welco Indus., Inc. v. Allied Cos. (1993),67 Ohio St.3d 344, 346. A trial court should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Id. Nevertheless, summary judgment is appropriate where the nonmovant fails to produce evidence demonstrating that a genuine issue of material fact exists. Id.
The movant has the initial burden of informing the trial court of the basis for its summary judgment motion by identifying the portions of the record that demonstrate the absence of a genuine issue for trial. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. The burden then shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial in that reasonable minds could reach different conclusions. Id. To meet these burdens, the parties must point to the proper supporting evidence. This evidence consists of pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. Civ.R. 56(C).
 LAW AND ANALYSIS
In order to succeed in a claim for negligent hiring or retention, the following elements must be established: "(1) the existence of an employment relationship, (2) the employee's incompetence, (3) the employer's actual or constructive knowledge of such incompetence, (4) the employer's act or omission causing plaintiff's injuries, and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." Peterson v. Buckeye SteelCasings (1999), 133 Ohio App.3d 715, 729, citing Evans v. Ohio StateUniv. (1996), 112 Ohio App.3d 724, 739.
In their complaint, appellants alleged that appellee employed Kerr as a supervisor in her concession business. They alleged that Kerr had a propensity to become violent and that he was mentally unstable because of a brain injury. They claimed that appellee knew about Kerr's violent behavior. Appellants alleged that, notwithstanding this knowledge, appellee hired Kerr and placed him into a supervisory position. Finally, appellants asserted that as a result of appellee's negligence, they suffered severe injuries. Appellants thus alleged a prima facia case for negligent hiring and retention. Peterson, supra.
Appellee filed an answer denying each of the allegations made by appellants. Nonetheless, she filed a motion for summary judgment claiming that no issue of material fact existed. Appellee's supporting affidavit explained that Kerr was her nephew and owned a separate concession business. She stated that he previously bought the concession from her. She claimed that, on the occasion in question, he simply borrowed her truck to transport the concession. This motion and supporting affidavit, however, did not satisfy appellee's initial burden under Dresher, supra. She did not identify portions of the record that demonstrate an absence of issues for trial. Instead, as she did in her answer, appellee highlighted clear issues that must be resolved by the trier-of-fact.
Appellee argues that appellants have produced no evidence that she had an employment relationship with Kerr. She contends that her affidavit along with an affidavit submitted by Kerr prove that there was no employment relationship. As such, appellee insists that summary judgment was proper. We disagree.
Appellants responded to appellee's motion with affidavits supporting their contentions. Ponnie contended that she had previously discussed Kerr's drug use with appellee. She also stated that she had witnessed appellee pay Joseph. Joseph insisted that both he and Kerr worked for appellee. He claimed that appellee provided the concession with "banks" which are supplies of quarters. He stated that he returned proceeds from the concession to appellee. He claimed that he was paid by appellee. Finally, Joseph insisted that he and Kerr participated in dividing the daily receipts in one-third shares among the carnival owner, the sponsor and appellee.
It is clear that genuine issues of material fact remain to be litigated. Appellee was not entitled to a judgment as a matter of law. Therefore, appellants' assignment of error is found to have merit.
For the foregoing reasons, the judgment of the trial court is reversed, and this cause is remanded for further proceedings according to law and consistent with this court's opinion.
 __________________ VUKOVICH, P.J.
Donofrio, J., concurs, Waite, J., concurs.