JOURNAL ENTRY AND OPINION
DeWight White appeals, pro se, from a judgment of the Common Pleas Court granting his former attorney, Michael Belcher's, motion for summary judgment in connection with Mr. White's complaint for legal malpractice. Mr. White complains on appeal his claim for legal malpractice is not barred by the statute of limitations. After a review of the facts and the law, we affirm the decision of the trial court.
The facts giving rise to this case are discussed in State v. White (Mar. 22, 2001), Cuyahoga App. No. 78562, unreported. On March 8, 2000, Mr. White filed a complaint against Mr. Belcher, the attorney who represented him at the time during his criminal case for legal malpractice. Mr. White filed a motion for default which the court denied and permitted Mr. Belcher to answer the complaint. Mr. White filed a motion for summary judgment which was denied. On October 4, 2000, Mr. Belcher filed a motion for summary judgment and attached an affidavit stating he filed a motion to withdraw as Mr. White's counsel on April 11, 1996. Further, Mr. Belcher stated he performed no work for Mr. White after that date, and the court assigned another attorney to Mr. White's case on November 19, 1996. Thereafter, the court granted judgment in Mr. Belcher's favor. Mr. White appeals from that decision and raises two assignments of error for our review. They state:
 I. THE TRIAL COURT COMMIT [SIC] PREJUDICIAL ERROR AND REVERSIBLE ERROR WHEN [IT] DISMISSED THE PLAINTIFF'S ACTION WITHOUT A JURY TRIAL AS DEMANDED BY THE PLAINTIFF AND THUS VIOLATED THE OHIO RULES OF CIVIL PROCEDURE, RULE (38), AND THE STATE OF OHIO CONSTITUTION ARTICLE I, SECTION 5.
 II. THE TRIAL COURT ERROR [SIC] IN RENDERING JUDGMENT AGAINST THE PLAINTIFF THAT IN FACT LAW AND JUSTICE REQUIRES WITHIN THE MEANS OF CIVIL RULE OF PROCEDURES RULE (55), AND THE STATUTE OF LIMITATION ON LEGAL MALPRACTICE.
We move directly to Mr. White's second assignment of error as it is dispositive in this case. See App.R. 12(A)(1)(c). Mr. White argues his claim for legal malpractice is not barred by the statute of limitations because he did not terminate the attorney-client relationship with Mr. Belcher, and the above-referenced case was still pending when Mr. Belcher asked to withdraw as counsel. Mr. Belcher did not file a brief in this case. Thus, the issue on appeal concerns whether the court properly granted judgment in Mr. Belcher's favor.
We begin by noting Civ.R. 56(C) concerns summary judgment and provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45; Harless v. Willis Day Warehousing (1978),54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court stated at 293:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
In reviewing cases which have been disposed of via summary judgment, appellate courts apply a de novo standard of review to the trial court's decision. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107.
From a substantive standpoint, R.C. 2305.11(A) states:
 (A) An action for * * * malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, or an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued, * * *.
Finally, in Zimmie v. Calfee, Halter and Griswold, et al. (1989),43 Ohio St.3d 54, the court stated in its syllabus:
 Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. * * * (Citation omitted.)
In the instant case, the record reveals Mr. Belcher terminated his relationship with Mr. White on April 11, 1996. Mr. White did not file his complaint until March 8, 2000. The fact that his criminal case was still pending does stop the clock from running. Thus, we conclude the court properly granted Mr. Belcher's motion for summary judgment because Mr. White's claim is barred by the statute of limitations. Accordingly, the judgment of the trial court is affirmed, and this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and TERRENCE O'DONNELL, J., CONCUR.