NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, APPELLEE, *v.*
GUMAN BROTHERS FARM ET AL.; MERCER ET AL., APPELLANTS.

[Cite as *Nationwide Mut. Fire Ins. Co. v. Guman
Bros. Farm* (1995), 73 Ohio St.3d 107.]

(No. 94–1113—Submitted June 6, 1995—Decided August 16, 1995.)

*Baker, Hackenberg & Collins Co., L.P.A., I. James Hackenberg* and *Richard A. Hennig,* for appellee.

*Sindell, Lowe & Guidubaldi, Mark L. Wakefield* and *Daniel M. Sucher,* for appellants.

---

COOK, J. This case presents two issues. We first determine that the court of appeals properly reviewed the trial court decision *de novo* because the interpretation of a clear and unambiguous insurance contract is a matter of law. Second, we conclude that a student who works part of the school day in an OWE program nevertheless qualifies as an "employee" while at work.

## I

In his first proposition of law, Mercer argues that the judgment of the trial court was a factual determination rather than a legal interpretation, and that the appellate court's *de novo* review was therefore erroneous. Mercer contends that because the insurance contract failed to define "employee," the term is ambiguous and this ambiguity makes the interpretation one of fact rather than law.

The mere absence of a definition in an insurance contract does not make the meaning of the term ambiguous. "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 449, 474 N.E.2d 271, 272. A court must give undefined words used in an insurance contract their plain and ordinary meaning. *Miller v. Marrocco* (1986), 28 Ohio St.3d 438, 439, 28 OBR 489, 491, 504 N.E.2d 67, 69. Here, the term "employee" is not defined, but does have a plain and ordinary meaning. It is, therefore, unnecessary and impermissible for a court to resort to construction of that language. *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 166–167, 10 OBR 497, 499, 462 N.E.2d 403, 406. Thus, the interpretation of this insurance contract is a matter of law. Unlike determinations of fact which are given great deference, questions of law are reviewed by a court *de novo*. *Ohio Bell Tel. Co. v. Pub. Util. Comm.* (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286, 287. We conclude that the court of appeals properly applied a *de novo* standard of review.

## II

In his second proposition of law, Mercer contends that because Donald was a full-time student in the OWE program, the policy exclusion of an "employee" is inapplicable to him and Nationwide had to indemnify the farm on this claim. The policy exclusion provides:

"This insurance does not apply to:

"(n) 'Bodily injury' sustained by:

"(1) Any employee (other than a 'residence employee') as a result of his or her employment by the 'insured;'

"(2) Any 'residence employee' * * *; or

"(3) The spouse, child, parent, brother or sister of any employee as a consequence of 'bodily injury' to that 'employee.' "

The policy defines "residence employee,"[2] but does not define "employee." Because the insurance contract does not define "employee," this court must examine the plain and ordinary meaning of that term in conjunction with the facts to see if the exclusion encompasses Donald.

Black's Law Dictionary (6 Ed.1990) 525, defines "employee" as "[a] person in the service of another * * *, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed. * * * One who works for an employer; a person working for salary or wages."

The record demonstrates that between the fall of 1988 and summer of 1989, Donald worked for the farm at the wage rate of three dollars an hour. Then, in the fall of 1989, Donald's work at the farm qualified for school credit as a part of the OWE program through his high school. OWE is a program that allows students who will likely enter the job market, instead of college upon graduation, to gain work experience. Donald's participation in the program required the approval and ongoing review of both the school coordinator, Robert Hitchcock, and the farm. The farm paid Donald the same three dollars per hour wage he had been earning prior to participation in the OWE program. Hitchcock approved the plan of job duties as set by the farm. Donald generally went to work on school days after lunch and worked on weekends. The farm controlled the jobs Donald performed and directed his work, which remained essentially the

---

2. The policy defines "residence employee" as "[a]n insured's employee who performs duties in connection with the maintenance or use of the 'residence premises,' including household or domestic services, or who performs duties elsewhere of a similar nature not in connection with the 'business' of any 'insured.' "

same as it had prior to his participation in the OWE program. The farm could fire Donald at any time.

Alternatively, the school's participation was minimal. Beyond a supervisory role that included filling out the initial paperwork, Hitchcock's role consisted of sporadic visits to the farm to evaluate the working relationship between Donald and the farm and ensure that Donald's attendance was satisfactory. The school's only controls consisted of determining whether to accept the farm as an appropriate employer or to dismiss Mercer from the program. Neither of these actions would change Donald's status at the farm.

Mercer's reasoning that being a student in the OWE program is mutually exclusive of being an employee lacks merit. Donald's classification as an OWE student goes to "why" he was allowed to work on the farm for school credit, rather than "what" activities he did on the farm and who controlled those activities. These undisputed facts compel a conclusion that despite Donald's dual status as a student and an employee, his student status was incidental to his primary function as that of an employee at the farm. For these reasons, Donald meets the common understanding of the term "employee" as used in Nationwide's liability insurance contract, and Nationwide, therefore, is not obliged to indemnify or defend the action brought by Mercer.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.