DECISION AND JOURNAL ENTRY
Appellant, Terry Chitty, appeals the verdict of the Summit County Court of Common Pleas. We affirm.
In early November 1998, Mr. Chitty sold a racing car engine and received as payment a document purporting to be a cashier's check drawn on Harris Trust and Savings Bank ("Harris Bank") in the amount of $22,000. Mr. Chitty deposited the check in his savings account at Bank One, appellee, on Saturday, November 7, 1998. On Monday, November 9, 1998, Bank One posted the $22,000 deposit and forwarded the cashier's check to Harris for collection. Mr. Chitty withdrew $22,000 from his savings account before Harris Bank sent notice of dishonor to Bank One late on November 12, 1998. Shortly after withdrawing the $22,000, Mr. Chitty deposited over eight thousand dollars in his savings account at Bank One and had approximately one hundred dollars in his checking account with Bank One. Bank One froze and seized both accounts after learning of Harris Bank's dishonor of the cashier's check.
On April 8, 1999, Mr. Chitty filed suit against Bank One seeking the return of the money, which had been removed from his accounts at Bank One. Bank One, on May 10, 1999, answered in opposition and counterclaimed for the portion of the $22,000 which it had been unable to recover from Mr. Chitty's accounts. After an evidentiary hearing, the trial court rendered judgment against Mr. Chitty and in favor of Bank One on October 19, 1999. This appeal followed.
Mr. Chitty asserts one assignment of error:
 WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT APPELLEE BANK ONE COULD CHARGE BACK APPELLANT TERRY CHITTY'S BANK ACCOUNTS AND FURTHER OBTAIN A REFUND FROM CHITTY FOR THE AMOUNT OF THE DISHONORED CHECK AFTER THE PAYOR BANK HAD FAILED TO NOTIFY BANK ONE OF DISHONOR BEFORE THE MIDNIGHT DEADLINE THEREBY CONVERTING A PROVISIONAL SETTLEMENT INTO A FINAL SETTLEMENT AND BANK ONE FAILED TO EITHER RETURN THE CHECK TO APPELLANT TERRY CHITTY OR NOTIFY HIM OF THE DISHONOR OF THE CHECK.
Mr. Chitty avers that the trial court erred in failing to find that there was a final settlement between Bank One and Harris Bank because Harris Bank failed to notify Bank One of dishonor prior to its midnight deadline. As a result of this error, Mr. Chitty contends that the trial court erroneously concluded that Bank One had the right to charge back or gain a refund of the amount of the cashier's check. Further, Mr. Chitty contends that, even if the settlement between Bank One and Harris Bank was not final, the trial court erred in not finding Bank One liable because Bank One had made a final settlement with him regarding payment of the cashier's check and failed to notify him of Harris Bank's dishonor of the cashier's check in a timely manner. We disagree.
"Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo."Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107,108.
 If a collecting bank has made provisional settlement with its customer for an item and fails by reason of dishonor, suspension of payments by a bank, or otherwise to receive settlement for the item which is or becomes final, the bank may revoke the settlement given by it, charge back the amount of any credit given for the item to its customer's account, or obtain refund from its customer whether or not it is able to return the items if by its midnight deadline or within a longer reasonable time after it learns the facts it returns the item or sends notification of the facts. If the return or notice is delayed beyond the bank's midnight deadline or a longer reasonable time after it learns the facts, the bank may revoke the settlement, charge back the credit, or obtain a refund from its customer, but it is liable for any loss resulting from the delay. These rights to revoke, charge-back, and obtain refund terminate if and when a settlement for the item received by the bank is or becomes final.
R.C. 1304.24(A); see U.C.C. § 4-214(a). "The right of charge-back or refund exists if a collecting bank has made a provisional settlement for an item with its customer but terminates if and when a settlement received by the bank for the item is or becomes final." U.C.C. § 4-214, Comment 3. Absent clear contrary intent, "any settlement given [by the collecting bank] for the item is provisional * * * regardless of the form of indorsement or lack of indorsement and even though credit given for the item is subject to immediate withdrawal as of right or is in fact withdrawn." R.C.1304.11(A); see U.C.C. § 4-201(a).
Final payment by the payor bank occurs when the bank has done one of the following:
(1) Paid the item in cash;
 (2) Settled for the item without having a right to revoke the settlement under statute, clearing house rule, or agreement;
 (3) Made a provisional settlement for the item and failed to revoke the settlement in the time and manner permitted by statute, clearing house rule, or agreement.
R.C. 1304.25(A); see U.C.C. § 4-215(a). A payor bank may generally revoke and recover the settlement of the item "if before it has made final payment and before its midnight deadline it does either of the following: (1) It returns the item[; or] (2) It sends written notice of dishonor or nonpayment if the item is unavailable for return." R.C.1304.27(A); see U.C.C. § 4-3019(a). As to a demand item other than a documentary draft, a payor bank which is not also the depository bank[1] and which "retains the item beyond midnight of the banking day of receipt without settling for it" is accountable for the item. R.C.1304.28(A)(1); see, also, U.C.C. § 4-302(a)(1). Hence, a payor bank may be accountable for a demand item due to its failure to settle by its midnight deadline while the collecting bank, which forwarded the item to the payor bank, never received a provisional or final settlement for the item.
In the instant case, Harris Bank is the payor bank as it is the drawee of the draft. See R.C. 1304.01(B)(3); U.C.C. § 4-105(3). Harris Bank is not a party to this action. Hence, we will not address any possible claims against Harris Bank under the document purporting to be a Harris Bank cashier's check.[2]
Bank One is the collecting bank as it handled the item for collection. See R.C. 1304.01(B)(5); U.C.C. § 4-105(5). The cashier's check is an item within the definition of R.C.1304.01(A)(9). See, also, U.C.C. § 4-104(a)(9).
On Monday, November 9, 1998, Bank One sent a cash letter, apparently accompanied by the item at issue here, to Harris Bank. The day after an intervening bank holiday — Veterans Day, Wednesday, November 11, 1998 — Harris Bank sent notice to Bank One of its dishonor of the item. Hence, the record indicates that Harris Bank sent notice of its refusal to honor the item after midnight on the next banking day following the banking day on which it received the cashier's check; therefore, the dishonor of the cashier's check occurred after Harris Bank's midnight deadline. See R.C. 1304.01(A)(10); U.C.C. § 4-401(a)(10). However, the record also indicates that there was no settlement, provisional or otherwise, between Bank One and Harris Bank in regard to the item. Therefore, we conclude that the midnight deadline did not operate to transform a provisional settlement into a final settlement because there was no provisional settlement in this case. Moreover, without a final settlement between Bank One and Harris Bank, Bank One retained its right under R.C. 1304.24; to charge back or refund. See, also, U.C.C. § 4-214.
Bank One issued an "official check" to Mr. Chitty, apparently, on Thursday, November 12, 1998. Although the "official check" is dated November 11, 1998, Bank One indicates that it was closed on that day in observance of Veterans Day. The specific date of the "official check," however, is not relevant to our analysis. Mr. Chitty avers that the "official check" issued by Bank One was final payment on the item at issue. However, we conclude that, based on R.C. 1304.11(A), provisional payment is not converted into final payment solely by the withdrawal of the amount provisionally credited. See, also, U.C.C. § 4-201(a). Further, we cannot conclude that the trial court erred in finding that Mr. Chitty did not present evidence which clearly showed an intent other than that the settlement was provisional.
Mr. Chitty further avers that he did not receive notice of the dishonor of the item by Harris Bank from Bank One in a timely manner, and therefore, Bank One could not charge back the amount of the credit or obtain a refund from Mr. Chitty. If the mandate of R.C. 1304.24(A), requiring that notice of dishonor be given to the customer by the collecting bank after the collecting bank's midnight deadline or a longer reasonable time after it learns the facts, is not adhered to, the Revised Code adopts the view that "a collecting bank loses its rights only to the extent of damages for any loss resulting from the delay." U.C.C. § 4-214, Comment 3; see, also, U.C.C. § 2-214(a). As the trial court noted, Mr. Chitty failed to adduce evidence demonstrating that he suffered a loss due to the delay in notice by Bank One. Therefore, we conclude that Bank One was not precluded from prevailing on its counterclaim due to its failure to give notice to Mr. Chitty in a timely manner, although Bank One's initial self-help in regard to Mr. Chitty's checking account may not have been the best course of conduct.
Mr. Chitty's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
FOR THE COURT BAIRD, J., WHITMORE, J., CONCUR.
 __________________________ WILLIAM G. BATCHELDER
[1] The first bank to take an item. R.C. 1304.01(B)(2); see U.C.C. § 4-105(2).
[2] The record indicates that Harris Bank returned the document purporting to be a cashier's check drawn on Harris Bank due to an assertion of fraud. Further, the record indicates that the document purporting to be a cashier's check is currently in the custody of the Federal Bureau of Investigation.