DECISION AND JOURNAL ENTRY
Appellant, Andrew Provchy, appeals the decision of the Summit County Court of Common Pleas, Juvenile Division. We reverse.
On May 5, 1998, Ashlee A. Laslo was born to Ms. Tracie Casteel, appellee. Ms. Casteel gave Ashlee the last name of Laslo because it was Ms. Casteel's maiden name. In November 1998, an administrative decision was rendered by the Child Support Enforcement Agency in which Mr. Provchy was determined to be the father of Ashlee and was ordered to pay support.
On December 15, 1998, Mr. Provchy filed an action in the Summit County Court of Common Pleas, Juvenile Division, seeking, among other things, an order changing Ashlee's surname to Provchy. The matter was referred to a magistrate who, after a hearing on February 22, 1999, rendered a decision on March 10, 1999 ordering, in part, that Ashlee retain the surname Laslo. Mr. Provchy filed objections to the magistrate's decision. On October 15, 1999, the trial court overruled Mr. Provchy's objections to the magistrate's decision and entered judgment on the issue of Ashlee's surname, among other things,[1] ordering that the name Laslo be retained. This appeal followed.
Mr. Provchy asserts two assignments of error. As both of the assignments of error are controlled by the same analysis, we will address them together.
 First Assignment of Error The lower court's refusal based on Peerless Electric Co. v. Bowers to make an independent analysis of the Magistrate's Decision or to apply the intervening Ohio Supreme Court case of In re Willhite in its review of the Magistrate's Decision constitutes an abuse of discretion.
 Second Assignment of Error The Magistrate's Decision failed to provide sufficient factual findings in support of its ultimate factual findings and conclusions of law for the lower court to make an independent analysis of the child's best interest pursuant to the specific factors set forth in In re Willhite.
 Mr. Provchy asserts that the trial court erred in adopting the magistrate's decision because the magistrate based his analysis on an improper legal standard and that the facts were insufficient to warrant the magistrate's conclusions. Furthermore, he avers that the trial court erred by adopting the magistrate's decision for the same reasons. Moreover, he argues that the trial court erred in failing to conduct an independent analysis of the facts before the magistrate. We agree that the wrong legal standard was used and therefore do not reach the merits of the remaining arguments.
"Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo."Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
The Ohio Supreme Court has recently addressed the issue of what factors are to be considered in an action seeking to change a minor child's surname. In 1988, the Ohio Supreme Court held that
 the court should consider: the length of time that the child has used a surname, the effect of a name change on the father-child relationship and on the mother-child relationship, the identification of the child as part of a family unit, the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's, the preference of the child if the child is of an age and maturity to express a meaningful preference and any other factor relevant to the child's best interest.
 Bobo v. Jewell (1988), 38 Ohio St.3d 330, paragraph two of the syllabus. In 1999, the Ohio Supreme Court restated what factors a trial court should consider to include:
 the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest.
 In re Willhite (1999), 85 Ohio St.3d 28, paragraph two of the syllabus. The Supreme Court's latest pronouncement recites two factors which were not set forth in Bobo: (1) "whether the child's surname is different from the surname of the child's residential parent;" and (2) "parental failure to maintain contact with and support of the child[.]" In re Willhite, 85 Ohio St.3d at paragraph two of the syllabus.
In the instant case, the magistrate relied upon the factors set forth in Bobo rather than upon those set forth in Willhite. The magistrate rendered his decision on March 10, 1999. TheWillhite decision was rendered by the Ohio Supreme Court on March 17, 1999. In a decision rendered on October 15, 1999, the trial court reviewed and adopted the magistrate's analysis under theBobo factors, specifically finding Willhite inapplicable, although Mr. Provchy objected, arguing that the additional factors set forth in Willhite ought to be considered. The magistrate's decision is only effective when the trial court adopts it. Civ.R. 53(E)(4)(a). Here, the magistrate's decision and the trial court's judgment entry both became effective after the Ohio Supreme Court had added two additional factors to those enumerated in Bobo. Although the magistrate's decision was a correct statement of the law under the holding in Bobo, two additional factors were set forth in Willhite and Willhite, which was the law at the time the trial court rendered its judgment, was not followed. Hence, we conclude that Willhite controls and that the trial court erred in failing to remand the matter for consideration of the factors enumerated in Willhite.
Mr. Provchy's assignments of error are sustained to the extent that they aver that the trial court erred in applying solely the Bobo factors in this case. His assignments of error are moot to the extent that they allege error on the part of the trial court in weighing the evidence. See App.R. 12(A)(1)(c).
The judgment of the Summit County Court of Common Pleas, Juvenile Division is reversed as to the issue of the surname of Ashlee and the cause is remanded for further proceedings on that issue not inconsistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
___________________________ WILLIAM G. BATCHELDER
[1] The trial court also entered judgment on various issues regarding the existence of a parent-child relationship and Mr. Provchy's support obligations, which were not appealed and are, therefore, not before this court.