DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Toledo Municipal Court. The case involves a contract dispute in which the trial court awarded a landlord damages for repairs and replacements pursuant to a lease agreement. Because we conclude that the trial court erred as a matter of law, we reverse.
On December 28, 1991, appellee, Alia Abouahmed, agreed to lease a building to appellant, Karam Enterprises, Inc., for five years, with an option to extend the lease at the end of the term. In February 1996, the seven ton heating and air conditioning ("HVAC") unit needed repair. Appellant contacted appellee concerning the HVAC unit. Appellant also contacted a licensed heating and air conditioning repairman, who estimated that repairs to the unit would cost $900.
While the facts are greatly disputed, what generally occurred is as follows. Appellee contracted with Complete Heating and Air Conditioning ("Complete Heating") to have the existing HVAC "replaced" with a ten ton unit for $13,875. Complete Heating commenced work in March 1996, replacing the seven ton HVAC unit and all of the existing ductwork. Complete Heating also installed additional ductwork to include a banquet room and the ladies restroom, neither of which had heating or air conditioning prior to this installation. Appellee paid Complete Heating for the work after it was finished.
In July 1998, appellee notified appellant that pursuant to the terms of the lease, it was responsible for the costs of replacing the old HVAC unit.[1] Appellant responded by informing appellee that it did not owe for the entire cost of the new, larger unit. Ultimately, appellee filed suit against appellant.
On July 17, 2000, the trial court found in favor of appellee, awarding damages in the amount of $13,875. The trial court concluded that the installation of the new HVAC was covered under the "repair or replace" provision of the lease agreement. Appellant now appeals that judgment, setting forth the following assignments of error:
 "THE TOLEDO MUNICIPAL COURT ERRED IN FINDING THAT REPLACEMENT OF A SEVEN (7) TON HVAC UNIT WITH A TEN (10) TON HVAC UNIT FALLS UNDER THE `REPAIR OR REPLACE' PROVISION IN THE LEASE AGREEMENT.
 "THE TOLEDO MUNICIPAL COURT ERRED IN FINDING THAT APPELLANTS WERE LEGALLY RESPONSIBLE TO EVEN `REPAIR' OR `REPLACE' THE EXISTING SEVEN (7) TON HVAC UNIT.
 "THE TOLEDO MUNICIPAL COURT ERRED IN FINDING THAT PRIOR WRITTEN NOTICE WAS NOT NECESSARY UNDER THE LEASE."
Appellant, in his first assignment of error, argues that the trial court erred in finding that replacement of the seven ton HVAC unit with a ten ton HVAC unit falls under the "repair or replace" provision in the lease agreement. Appellant claims that the installation of the HVAC was not a repair or replacement, but rather an improvement. We agree.
The construction of written contracts is a matter of law. Alexander v.Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. If a contract is clear and unambiguous, then its interpretation is a matter of law that an appellate court reviews de novo. NationwideMut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108.
An improvement has been defined as "a valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." Brennaman v. R.M.I. Co. (1994),70 Ohio St.3d 460, 464.
In this case, appellee, without written notice to appellant, had a ten ton unit installed instead of another seven ton unit. At appellee's request, Complete Heating replaced all of the existing ductwork to accommodate the larger unit. Appellee also requested the installation of ductwork to areas of the property which previously did not have heating or air conditioning. Both parties stipulated that the new ten ton HVAC enhanced the value of the property. Although appellee claims the additional ductwork was installed at appellant's request, there is no evidence of record to indicate such an agreement existed. The installation of the new HVAC was an improvement, rather than a mere replacement. Therefore, the trial court erred as a matter of law in its determination that the new unit was a repair or a replacement and in its monetary award to appellee.
Accordingly, appellant's first assignment of error is well-taken.
Based upon our disposition of the first assignment of error, appellant's second and third assignments of error are moot.
The judgment of the Toledo Municipal Court is reversed and the case is remanded for further proceedings consistent with this decision. The court costs of this appeal are assessed to appellee.
 _____________________ SHERCK, J.
 Melvin L. Resnick, J., James R. Sherck, J., Richard W. Knepper, J., CONCUR.
[1] The repair and replace provision of the contract is as follows:
 "10. MAINTENANCE REPAIRS: The lessee agrees that it shall at its own expense maintain, repair and replace when needed all of the mechanical equipment, including but not limited to, heating and air conditioning units, pluming and electrical units, in a good condition and good state of repair, excepting reasonable wear and tear."