OPINION
Defendant-appellant, Lima Ford, Inc. ("Lima Ford"), appeals from a decision of the Allen County Court of Common Pleas granting judgment for plaintiff-appellee, Timmotors, Inc. (Timmotors), in an action for breach of a commercial lease. Timmotors has filed a cross-appeal.
The pertinent facts and procedural history of the case are as follows. Timmotors operated a Ford dealership until 1989 when it closed for lack of funds and offered the property for lease. Lima Ford, doing business as "Mike Pruitt Ford," rented Timmotors real estate under a lease signed in September 1990. The lease ran for a ten year duration from November 1, 1990 through October 2000. According to the terms of the lease, Lima Ford held the right to terminate the lease during the second half of the term by giving a one year notice and paying a termination fee. Rent during the second half of the lease term was $17,000.00 per month.
After signing the lease, but before Lima Ford occupied the property, Timmotors entered into an escrow agreement with its chief creditors. By the terms of the agreement, Bank One would receive the rental payments from Lima Ford. Accordingly, Lima Ford sent all of its rental payments under the lease to Bank One.
On November 1, 1995, Lima Ford gave Timmotors written notice of its intention to terminate the lease early. Construction at the new site postponed the actual termination date until the Spring of 1998. In the first week of April 1998, Lima Ford relinquished possession of the premises. Lima Ford paid all rent due through March 1998 but did not pay the $17,000.00 rent due on April 1 of that year. Nor did Lima Ford immediately pay the $51,000.00 termination fee due to alleged confusion, on its part, as to whom the fee should be paid (Bank One or Timmotors) and in light of its claims for set-off.
Timmotors filed its complaint on May 5, 1998, for breach of lease and failure to maintain the building. Lima Ford filed a counterclaim for the amount it spent on repairs and maintenance beyond ordinary upkeep. On October 19, 1999, eighteen months after Timmotors took possession of the property, Lima Ford paid the $51,000.00 termination fee into an escrow account. A two day bench trial was held. The trial court, on January 25, 2000, awarded $17,000.00 for April 1998 rent and $306,000.00 for the delay in paying the termination fee, an amount which represents $17,000.00 for each of the eighteen months between April 1998 when the fee was due, and October 1999, when it was paid. The total verdict was $323,000.00.
On January 28, 2000, Timmotors filed a motion for prejudgment interest seeking an additional $26,622.27. The trial court has not yet responded to the motion.
Lima Ford appeals the judgment of the trial court, and Timmotors has filed a cross-appeal.
Lima Ford asserts the following assignment of error.
 ASSIGNMENT OF ERROR The trial court's computation of damages on the Complaint's third claim was error.
 In its sole assignment of error, Lima Ford contends that the trial court erred by awarding Timmotors $306,000.00 for breach of the termination fee requirement. Lima Ford argues that where a tenant breaches a lease by failing to pay a fee when due, the measure of damages is the amount of the unpaid fee with interest from the date on which it was due. We agree.
The failure to pay the termination fee was a breach of contract on the part of Lima Ford. There is no dispute within the record as to this fact. The issue we must address is what consequence the law attaches to this breach of contract. "When addressing matters of contractual interpretation involving questions of law, appellate review is denovo."[1] It is under this standard of review we address Lima Ford's argument.
The relevant contract provision states the following:
 The tenant shall have the option to terminate this Lease at any time during the 2d sixty (60) month period (1995-2000) by providing a twelve (12) month notice (which may be given no earlier than November 1, 1995) and paying a lump sum of three (3) months rent on the date of termination.
 The trial court concluded that the lease continued to run until Lima Ford paid the termination fee and, therefore, assessed $17,000.00 for each month the fee was delinquent. In effect, this decision places Timmotors in a much better position than they would have been had the contract not been breached. The trial court's decision conflicts with the recognized remedy in the event of a breach of contract, which is to put the non-breaching party "in the same position it would have been had the contract not been violated."[2] Traditionally, a party's recovery in the event of a breach of contract is limited to the loss suffered.[3] The innocent party "is not entitled to be placed in a better position than he would have been had the breach not occurred."[4]
The appropriate award for "breach of an obligation to pay money is invariably the payment of interest in addition to the principal sum which fell due."[5]
R.C. 1343.03(A) states that interest is to be paid at a rate of 10% per annum.
Had the breach of contract not occurred, Timmotors would have been paid the termination fee of $51,000.00 in April of 1998. Therefore, to put Timmotors in the same position as it would have been had the breach of contract not occurred, they are entitled to receive the termination fee plus interest for the months the fee was delinquent. Considering Timmotors received notice of termination of the lease and that Lima Ford relinquished possession of the property, an award of any greater amount would be a windfall. Ohio case law does not support an award of one month's rent for each month the termination fee was past due.
Lima Ford paid Timmotors the $51,000.00 termination fee, for which it was in breach of contract, eighteen months after the date on which they relinquished the premises. Therefore, we find that Timmotors is entitled to an award of the interest, at the statutory rate, on $51,000.00 for the eighteen months between April 1998, when the property was relinquished, and October 1999 when the termination fee was paid.
Accordingly, Lima Ford's assignment of error is sustained.
Timmotors asserts the following cross-assignment of error.
 CROSS-ASSIGNMENT OF ERROR The Trial Court erred in failing to award pre-judgment interest to Plaintiff.
 As of the time of this appeal, the trial court has not ruled upon Timmotor's motion for prejudgment interest. This court has jurisdiction to consider appeals only from final appealable orders pursuant to Section 3, Article IV, of the Ohio Constitution. Until such an order is made this assignment of error is not ripe for our review.
Therefore, Timmotor's cross-assignment of error is overruled.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
SHAW and BRYANT, J.J., concur.
[1] Stults Associates, Inc. v. United Mobile Homes, Inc.(Oct. 14,1998), Marion App. No. 9-97-66, unreported; Nationwide Mut. Fire Ins.Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108.
[2] Schulke Radio Productions, Ltd., v. Midwestern BroadcastingCo. (1983), 6 Ohio St.3d 436, 439.
[3] Brads v. First Baptist Church of Germantown (1993)89 Ohio App.3d 328, 339.
[4] Id.
[5] Midwest PropertiesCo. v. Renkel (1930), 38 Ohio App. 503, 511.