OPINION
Plaintiff-appellant, Rod Parsell, D.D.S., appeals from a decision of the Municipal Court of Napoleon, Ohio, Small Claims Division granting judgment for defendant-appellee, Brenda Bielser, in an action for payment owed for dental services. For the following reasons, we reverse the decision of the lower court.
The pertinent facts and procedural history of the case are as follows: In August of 1999, Ms. Bielser began receiving dental care from Dr. Parsell. The patient-dentist relationship included extensive dental work. Many of her front teeth were rebuilt and thirteen teeth were removed. In 2000, Ms. Bielser and Dr. Parsell discussed getting a denture replacement for the teeth that had been extracted. Various options were discussed, and Ms. Bielser decided on a "quesil partial denture," which does not have a metal clasp and is considered the most esthetic of the partial dentures. During this discussion, Ms. Bielser agreed to pay $1,500.00 on her already outstanding balance and to pay $200.00 a month for the new partial denture.
Ms. Bielser visited Dr. Parsell to receive the dentures on May 3, 2000. Three weeks later she returned to Dr. Parsell's office for an adjustment. Appointments were scheduled and rescheduled throughout the summer and fall, but Ms. Bielser did not return to Dr. Parsell's office for another adjustment. On January 13, 2001, while at the office for a teeth cleaning, Ms. Bielser stated that the appliance inhibited her speech and that she felt she should not have to pay the bill.
Dr. Parsell filed a complaint with the Small Claims Division of the Napoleon Municipal Court. An initial hearing was scheduled for February 28, 2001, at which Ms. Bielser denied the claim. The trial court set the matter for trial on March 14, 2001. Following the trial, the court took the matter under advisement. Judgment was entered for the defendant on March 22, 2001. The appellant now appeals asserting the following two assignments of error:
 1. The trial court erred in its decision that the contract between Ms. Bielser and Dr. Parsell was of no consequence.
 2. The trial court erred in that it did not hold the defendant to the burden of proof required by law to assert a defense of medical malpractice.
We will address the appellants assignments of error together.
In essence, this is a breach of contract claim. "When addressing matters of contractual interpretation involving questions of law, appellate review is de novo."[1] It is under this standard of review we address Dr. Parsell's arguments.
In his first assignment of error, the appellant asserts that his right to payment for services should not be measured by the success of affecting a cure, but upon whether he exercised the skill which commonly pertains to his profession. In support of his argument, the appellant relies upon Chiropractic Clinic of Solon v. Kutsko,[2] where the appellate court addressed whether the trial court erroneously excluded testimony pertaining to the issue of medical necessity. Though Kutsko
addresses an issue different from the question before this court, the Eighth District stated the rule that a physician is entitled to recover for his services in the same manner as any other person who performs services for another.[3] Further, "[i]t is a settled general rule that a physician or surgeon is * * * entitled to recover the reasonable value of his services. * * * [T]he measure of the value of medical services is not the value to the patient but the reasonable value of the services in the community where they are rendered, by the person who rendered them."[4] Absent an express agreement, a physician's right to be compensated for services rendered is not measured by his success in affecting a cure by the means employed, but upon his diligent exercise of the skill commonly pertaining to the profession.[5]
While we acknowledge the merits of the appellant's argument, we note that the trial court did not state that the "contract" was of no consequence. The trial court actually stated that "the limited contact
by Ms. Bielser with Dr. Parsell would appear to be of no consequence." The trial court then held that Dr. Parsell's claim was not established and no payment was due for services rendered. The court reached this conclusion upon Ms. Bielser's testimony that she could not talk while wearing the dentures and Dr. Parsell's indication that no further modification of the device was possible without compromising its fit and strength.
The trial court found that Ms. Bielser had a reasonable expectation to be able to speak in a fashion which would allow her to communicate with others. She is a teacher, by profession, and her inability to speak while wearing the dentures undermines her ability to make a living. Dr. Parsell testified that it usually takes a few days to adapt to the dentures, and Ms. Bielser alleged that she tried to adapt to the dentures for a total of six weeks, without success. She further stated that she is not trying to avoid paying for the dentures but wants dentures that "work."
The record is void of evidence which indicates that Dr. Parsell's skill in fitting and adjusting the dentures was below the profession's standard. In fact, barring the initial fittings and adjustments in May, Dr. Parsells never had an opportunity to help Ms. Bielser adjust to the new dentures or to try other options. According to Dr. Parsell, Ms. Bielser was entitled to six months of adjustments at no charge. After the initial fittings and adjustments in May of 2000, Ms. Bielser never returned to his office until January 13, 2001. Additionally, Ms. Bielser never contacted Dr. Parsell about her problems with the dentures until then.
In his second argument, Dr. Parsells claims that, absent a valid defense, he is entitled to payment for the reasonable value of his services. Facts that would constitute an action for malpractice may be offered as a defense to an action by a physician for compensation for services rendered.[6] In Bruni v. Tatsumi,[7] the Ohio Supreme Court identified the elements of a plaintiff's claim for medical malpractice, stating:
 Under Ohio law, as it has developed, in order to establish medical malpractice, it must be shown by a preponderance of the evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances or by the failure or omission to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct result of such doing or failing to do some one or more of such particular things.
Ms. Bielser has alleged no facts in her defense which might constitute a cause of action for malpractice. For her defense, she simply stated that "it's not that I don't believe I should pay but I believe I should pay for something that works." Ms. Bielser provided no evidence that Dr. Parsell failed to act within the recognized standard of care. She has alleged no evidence of negligence or wrongdoing.
Based upon the foregoing, we conclude that Dr. Parsells is entitled to be compensated, not upon the value of the services to Ms. Bielser, but upon the reasonable value of the services in the community where rendered.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
WALTERS, P.J. and SHAW, J., concur.
[1] Timmotors, Inc. v. Lima Ford, Inc. (Aug. 16, 2001), Allen App. No. 1-2000-11, unreported; Stults Assoc. Ins. v. United Mobile Homes, Inc. (Oct. 14, 1998), Marion App. No. 9-97-66, unreported; Nationwide Mut.Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108.
[2] (Dec. 5, 1996), Cuyahoga App. No. 70119, unreported.
[3] Id.
[4] Neurosurgical Assoc., Inc. v. Borowsky (Sept. 18, 1980), Cuyahoga App. No. 41197, unreported.
[5] Kutsko, supra.
[6] See, generally, Sreshta, D.D.S. v. Kaydan (May 6, 1999), Cuyahoga App. No. 74081, unreported.
[7] (1976), 46 Ohio St.2d 127, 131-132.