OPINION
{¶ 1} Appellant, Scott J. Depasquale, appeals the Trumbull County Court of Common Pleas' decision affirming a court ordered, non-binding arbitration award to appellee, John Rach. Appellant maintains that the trial court erred by affirming the award without holding a trial de novo as required by Rule 13.17 of the Local Rules of the Court Common Pleas (General Division) of Trumbull County.
 {¶ 2} On October 28, 1999, appellee was a passenger in a vehicle operated by another party when it was struck by appellant's vehicle. On the day following the accident, appellee began to experience pain in his neck and back. Appellee sought medical treatment for the injuries and incurred expenses in the amount of $2,360.
 {¶ 3} On August 31, 2000, appellee filed a complaint against appellant for personal injuries sustained as a result of the collision. Appellant filed his answer on October 20. On May 29, 2002, by way of an agreed judgment entry, the parties submitted the case to non-binding arbitration. A hearing was held before the arbitrator on July 18, 2002, and his award and report were filed on July 19, 2002.
 {¶ 4} On August 19, 2002, appellant filed his notice of appeal of the arbitrator's award. According to the record, a status conference was held on October 29, 2002; however, the record fails to indicate what issues were discussed and/or resolved during the conference. Nevertheless, on December 11, 2002, the trial court affirmed the arbitrator's award. In its judgment entry, the trial court noted that the case was concluded and, as such, there was "no just cause for delay of appeal on this matter."
 {¶ 5} On December 18, 2002, appellant filed a motion to vacate the trial court's entry. In return, appellee filed his motion in response to appellant's motion to vacate. The trial court has yet to rule upon the motions. On January 10, 2003, appellant filed his notice of appeal of the December 11, 2002, judgment entry. Appellant now raises the following error for our consideration: "A trial court abuses its discretion and commits reversible error when it affirms a non-binding arbitration award after a defendant properly files a notice of appeal for a trial de novo in accordance with the local rules of court."
 {¶ 6} Before assessing the merits of appellant's claim, we must note that "abuse of discretion" is an improper standard of review under these circumstances. Judicial discretion denotes, "the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case." Dehart v. Aetna Life Ins. Co. (1982),69 Ohio St.2d 189, 192, citing Krupp v. Poor (1970), 24 Ohio St.2d 123, paragraph two of the syllabus.
 {¶ 7} Because the instant matter involves the legal right to appeal an arbitrator's award, we will not review the lower court's decision for an abuse of discretion. Rather, the issue before us represents a question of law grounded upon legal rights retained by litigants who submit their cases to non-binding arbitration within Trumbull County. Therefore, because the issue before us requires a determination of the applicability of Loc.R. 13, it is a question of law reviewed on a de novo basis. See, e.g., Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
 {¶ 8} That said, a common pleas court is empowered by Sup.Ct.Sup.R. 15 to adopt, by local rule, its own system of compulsory arbitration in civil cases. Pursuant to that authority, the Trumbull County Court of Common Pleas, General Division, adopted Loc.R. 13 governing arbitration. Loc.R. 13.17 states:
 {¶ 9} "RIGHT OF APPEAL. Any party may appeal, from the award of the Arbitrator(s), to the Common Pleas Court. The right of appeal is subject to the following conditions, all of which shall be complied with within thirty (30) days after the award of the Arbitrator(s) is filed and time-stamped in the office of the Clerk of Courts."
 {¶ 10} Loc.R. 13.18 mandates that an appellant pay $30 to the clerk of courts and file a notice of appeal, together with an affidavit signifying that the appeal is not taken for delay. A copy of the notice and affidavit must be served upon opposing parties or their counsel.
 {¶ 11} Loc.R. 13.20 states, "[u]pon the filing of the notice of appeal and the payment or waiver of the costs as hereinbefore provided, the Assignment Commissioner shall cause the case to be returned to the assigned judge for trial." Subsection B of this rule provides that "[a]ll cases which have been appealed shall be tried de novo by the assigned judge."
 {¶ 12} From the foregoing rules, it is evident that no "grounds" are required for exercise of the right to appeal, which is asserted by filing a timely notice of appeal and the affidavit and reimbursement required. To the extent that a party complies with these procedural conditions, the case will be returned to the trial court and tried de novo as though the court ordered, non-binding arbitration had never happened.
 {¶ 13} In the current matter, appellant followed the proper procedural channels set forth in the Local Rules. However, the trial judge affirmed the arbitrator's decision without moving forward with a trial de novo. As such, appellant argues that the trial court erred by ignoring the procedure set forth in Loc.R. 13.
 {¶ 14} In response, appellee agrees that Loc.R. 13.20(B) requires a trial de novo once a notice of appeal is filed. However, appellee contends that after appellant's notice of appeal was filed, the trial court held a status conference wherein the parties agreed to have the court take the arbitrator's award under advisement and render a decision accordingly.
 {¶ 15} Although the record indicates that a status conference was held on October 29, 2002, the record is bare as to the nature and substance of this conference. Moreover, there is nothing in the record which might confirm the agreement to which appellee refers. As such, appellee's claim regarding the details of the status conference cannot act as a defense to appellant's claim of error based upon Loc.R. 13.
 {¶ 16} In sum, appellant properly appealed the award of a court-ordered, non-binding arbitration pursuant to Loc.R. 13. Accordingly, this matter shall be returned to the regular docket of the court and tried de novo.
 {¶ 17} For the above stated reasons, appellant's sole assignment of error has merit and the decision of the Trumbull County Court of Common Pleas is consequently reversed and this matter is remanded for proceedings consistent with this opinion.
Judith A. Christley and Diane V. Grendell, JJ., concur.