DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the August 16, 2005 judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee, Progressive Preferred Insurance Co., and dismissed the complaint filed by appellant, Thomas Garcia. Pursuant of 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and render our decision.
 {¶ 2} The only issue raised in this case is whether the following language in an insurance contract for underinsured motorist coverage is ambiguous or whether it clearly states as a condition for coverage that the insured must have sustained bodily injury in an underinsured motorist accident:
 {¶ 3} "Subject to the Limits of Liability, if you pay a premium for Uninsured/Underinsured Motorist Bodily Injury Coverage, we will pay for damages, other than punitive or exemplary damages, which an insured person is entitled to recover from the owner of operator of an uninsured motorvehicle or underinsured motor vehicle because of bodilyinjury:
 {¶ 4} "1. sustained by the insured person;
 {¶ 5} "2. caused by accident; and
 {¶ 6} "3. arising out of the ownership, maintenance, or use of an uninsured motor vehicle or underinsured motor vehicle."
 {¶ 7} If a contract is clear and unambiguous, the construction of the contract is a question of law. Alexander v.Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. The court must merely apply the plain and ordinary meaning of the language in conformity with the clear intent of the parties and does not apply the rules of interpretation. Nationwide Mut. Fire Ins. Co. v. Guman BrothersFarm (1995), 73 Ohio St.3d 107.
 {¶ 8} We agree with the trial court that this language clearly requires that the insured suffer bodily injury to recover under this provision. This provision cannot be construed to have more than one meaning. Therefore, appellant is not entitled to coverage for injuries suffered by his brother when he was killed in an underinsured automobile accident. The trial court properly granted summary judgment to appellee. Appellant's sole assignment of error is not well-taken.
 {¶ 9} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Pietrykowski, J., Concur.