[Cite as *Euclid Hous. Partners, Ltd. v. Wells Fargo Bank, N.A.*, 2014-Ohio-3033.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100421**

---

# EUCLID HOUSING PARTNERS, LTD., ET AL.

PLAINTIFFS-APPELLANTS

vs.

# WELLS FARGO BANK, N.A., AS TRUSTEE, ETC.

DEFENDANT-APPELLEE

---

## JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-717025

**BEFORE:** Rocco, P.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 10, 2014

**ATTORNEY FOR APPELLANT**

Stephen D. Dodd
Dodd, L.'Hommedieu & McGrievy, L.L.C.
50 East Washington Street
Chagrin Falls, Ohio 44022

**ATTORNEYS FOR APPELLEE**

Michael P. Shuster
Tami H. Kirby
Tracy S. Francis
Porter, Wright, Morris & Arthur L.L.P.
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44114

KENNETH A. ROCCO, P.J.:

{¶1} Plaintiff-appellant Joseph R. Leach appeals from the trial court's grant of summary judgment to defendant-appellee Wells Fargo Bank, N.A. ("Wells Fargo"). The parties dispute the extent of Leach's liability as a guarantor under a guaranty signed by Leach. We conclude that the trial court erred in its interpretation of the guaranty and in its determination that Leach was liable on the entire amount of the loan. Accordingly, we reverse and remand.

{¶2} The underlying action involves a default on a commercial real estate loan. Euclid Housing Partners, LTD. ("EHP") was the borrower, and Leach was the guarantor. EHP was the record owner of certain real property located at 27300 Euclid Avenue, Euclid, Ohio ("the Property"), on which an apartment complex is situated. Wells Fargo was, at all times relevant, the owner and holder of all relevant loan documents.

{¶3} All of the claims in this case arose out of a non-recourse loan made by Wells Fargo's predecessor-in-interest to EHP ("the Loan"). The Loan was evidenced by a promissory note ("the Note") in the amount of 6.3 million dollars. EHP granted a mortgage on the Property to Wells Fargo's predecessor-in-interest ("the Mortgage") that included Leach's limited personal guaranty of the Note ("the Guaranty").

The Note and the Mortgage

{¶4} The Note defines the "Borrower" as EHP. Under Section 8.1 of the Note, if EHP defaulted, the lender's recovery against the Borrower was generally limited to the

Property and other defined collateral, but the lender could obtain a money judgment against the Borrower under limited circumstances. Those circumstances are set forth in Section 8.2 of the Note ("the carve-out provisions"). The carve-out provisions at issue in this case concern misappropriation of insurance proceeds, holding rents in escrow after a payment default, and a prohibition on assuming debt other than the loan or trade debt ("the single-purpose entity provision"). The insurance and rent provisions provide as follows:

> 8.2 <u>Exceptions</u>. Notwithstanding anything to the contrary contained in Section 8.1 or elsewhere in this Note or the other Loan Documents, Borrower shall be personally liable to Lender:
>
> (a) for any liabilities, costs, expenses, (including reasonable attorney's fees and expenses) claims, losses, or damages incurred by Lender * * * with respect to any of the following matters:
>
> * * *
>
> (iv) failure to deliver any insurance or condemnation proceeds or awards or any security deposits received by Borrower to Lender or to otherwise apply such sums as required under the terms of the Loan Documents or any other instrument now or hereafter securing this Note;
>
> * * *
>
> (vi) failure to apply any rents * * * royalties, accounts, revenues, income, issues, profits, sums received in consideration of any surrender or termination of any lease * * * and other benefits from the Property which are collected or received by Borrower (A) as required under the term of the Loan Documents or any other instrument now or hereafter securing this Note, or (B) either during the period of any Default, or after the occurrence of any event which with the giving of notice or the passage of time, or both, would constitute a Default, or after acceleration of the indebtedness and other sums owing under the Loan Documents, only to the payments of either such indebtedness or other sums, or the normal and necessary operating expenses of the Property.

(b) * * *

(c) * * *

**{¶5}** The single-purpose entity provision appears in the last paragraph of Section

8.2 of the Note and provides, in pertinent part, as follows:

> Additionally, notwithstanding anything to the contrary contained in Section 8.1 of this Note or the other Loan Documents, if * * * (z) Borrower shall (1) incur any debt, secured or unsecured, direct or indirect, absolute or contingent (including guaranteeing any obligation), other than the Loan or trade debt incurred in the ordinary course of Borrower's business which shall be paid in accordance with the terms of the Loan Documents * * * or Borrower shall otherwise fail to maintain all of the single-purpose entity requirements set forth in Exhibit "B" attached to the Mortgage, then Lender shall have the right to seek a personal judgment against Borrower on this Note and under any other Loan Document with respect to any and all indebtedness secured thereby.

Unlike the other paragraphs in Section 8.2, the single-purpose entity provision is

unnumbered.

**{¶6}** Section 2 in Exhibit "B" to the Mortgage contains parallel    language:

> Mortgagor shall not incur any debt, secured on unsecured, direct or indirect, absolute or contingent (including guaranteeing any obligation) other than the Loan and trade debt incurred in the ordinary course of Mortgagor's business and the managing member or general partner of Mortgagor shall not incur any debt, secured or unsecured, direct or indirect, absolute or contingent (including guaranteeing any obligation).

The Guaranty

**{¶7}** The first sentence of the Guaranty defines the term "Guarantor" as Leach.

The first recital in the Guaranty defines the term "Borrower" as EHP.   Section 1 of the

Guaranty is a near mirror image of the carve-out provisions set forth in section 8.2 of the

Note.   Section 1 of the Guaranty provides, in pertinent part, as follows:

Limited Guaranty.   Guarantor hereby unconditionally, absolutely, and irrevocably guarantees and promises to pay to Lender or order, on demand * * * all sums for which Borrower is now or hereafter liable to Lender with respect to any of the following matters:

(a) for any liabilities, costs, expenses (including reasonable attorneys' fees and expenses), claims, losses or damages incurred by Lender * * * with respect to any of the following matters:

* * *

(iv) failure to deliver any insurance or condemnation proceeds or awards or any security deposits received by Borrower or Lender or to otherwise apply such sums as required under the terms of the Loan Documents or any other instrument now or hereafter securing the Note; or

* * *

(vi) failure to apply any rents * * * royalties, accounts, revenues, income, issues, profits, sums received in consideration of any surrender or termination of any lease * * * or material modification of any lease on the Property, and other benefits from the Property which are collected or received by Borrower * * * only to the payment of either such indebtedness or other sums, or the normal and necessary operating expenses of the Property.

* * *

(b) * * *

(c) * * *

{¶8}   The last paragraph in Section 1 of the Guaranty contains the single-purpose entity provision.  Unlike the rest of the paragraphs in Section 1, this paragraph is unnumbered, and provides in pertinent part:

Additionally, notwithstanding anything to the contrary contained in Section

1 of this Guaranty or the other Loan Documents, if * * * (z) Borrower shall (1) incur any debt, secured or unsecured, direct or indirect, absolute or contingent (including guaranteeing any obligation), other than the Loan or trade debt incurred in the ordinary course of Borrower's business which shall be paid in accordance with the terms of the Loan Documents * * * or Borrower shall otherwise fail to maintain all of the single-purpose entity requirements set forth in Exhibit "B" attached to the Mortgage, then Lender shall have the right to seek a personal judgment against Borrower on this Guaranty and under any other Loan Document with respect to any and all indebtedness secured thereby.

{¶9} After EHP defaulted on the Note, Wells Fargo filed, and later dismissed, a suit against EHP and Leach in federal district court. EHP and Leach then filed the action that is the subject of this appeal, seeking a declaratory judgment and asserting three claims.[1] EHP and Leach voluntarily dismissed their first claim. In their second claim, they sought a declaratory judgment that there was no violation of the single-purpose entity requirements. In their third claim, they sought a declaratory judgment that they were not liable for a money judgment for the full amount due on the Loan under section 8.2 of the Note and under Section 1 of the Guaranty.

{¶10} Wells Fargo filed an answer, counterclaim, and cross-claim ("the counterclaim"). Wells Fargo alleged that EHP had defaulted on the Note and that Wells

---

[1]EHP is not a party to this appeal.

Fargo was entitled to a judgment. The counterclaim asserted five claims against EHP and/or Leach, two of which are relevant to this appeal.[2] In its first claim, Wells Fargo sought a monetary judgment against EHP, as the Borrower in an amount "to be determined at trial." Count five sought a monetary judgment against Leach, as the Guarantor, in an amount "to be determined at trial."

{¶11} On October 25, 2010, Wells Fargo moved for summary judgment on counts two and three of EHP and Leach's complaint and on counts one and five of its counterclaim. The summary judgment motion only sought a ruling on the issue of EHP and Leach's liability, reserving the issue of damages for a later disposition. On January 4, 2012, the trial court granted Wells Fargo's motion for summary judgment, finding EHP and Leach liable to Wells Fargo for the full amount due on the Note.[3]

{¶12} In its opinion, the trial court concluded:

Leach agreed to be personally responsible for EHP's liabilities to the lender for failure to pay over insurance proceeds (section 1(a)(iv) of the guaranty), failure to apply rents (section 1(a)(vi) of the guaranty), and if EHP incurs any debt other than the loan or trade debt or "otherwise fail[s] to maintain all of the single-purpose entity requirements set forth in Exhibit 'B' attached to the Mortgage, then lender shall have the right to seek a personal judgment against Borrower on the Guaranty and under any other Loan document with respect to any and all indebtedness secured thereby."

---

[2]Wells Fargo's complaint also sought foreclosure of mortgage and liens, the appointment of a receiver, and recovery of collateral. The trial court granted Wells Fargo's motion to appoint a receiver on March 11, 2010. In a separate order, on October 27, 2010, the trial court granted summary judgment to Wells Fargo on the foreclosure and collateral claims. Leach is not appealing from these orders.

[3]In order to correct a clerical error, the trial court amended the journal entry, nunc pro tunc, on August 27, 2012.

Liability Decision at 4.

{¶13} On April 4, 2012, the trial court conducted a bench trial to determine damages. On September 4, 2012, the trial court entered a judgment against EHP and Leach in the amount of $5,615,921.12, plus costs and interest.

{¶14} Leach now appeals, setting forth two assignments of error for our review:

I. The trial court erred in granting Wells Fargo's motion for summary judgment as to count five of Wells Fargo's counterclaim.

II. The trial court erred in entering the money judgment in favor of Wells Fargo and against Leach.

{¶15} Because this case involves an order granting summary judgment, we review the trial court's order de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment should be granted if (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6.

{¶16} Leach argues in his first assignment of error that the trial court erred in determining that Leach was personally liable on the loan under the single-purpose entity provision. We agree. Leach is not disputing that EHP actually violated the single-purpose entity provision. The issue on appeal is whether Leach is liable as a

guarantor for EHP's breach.

{¶17} A contract is construed as a matter of law if the contract is "clear and unambiguous." *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995). Words in a contract should be given their plain and ordinary meaning unless "manifest absurdity results or some other meaning is clearly intended from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 245-246, 374 N.E.2d 146 (1978). In construing the language of a contract, we are to give effect to the words, neither deleting words used nor adding words not used. *Cleveland Elec. Illum. Co. v. Cleveland*, 37 Ohio St.3d 50, 524 N.E.2d 441 (1988), paragraph three of the syllabus.

{¶18} In the instant case, there is no ambiguity. The Guaranty sets forth the only circumstances under which the Guarantor guarantees the Note. The trial court was correct in ruling that, under the terms of the Guaranty, the Guarantor is liable for a Borrower's breach under Sections 1(a)(iv) and 1(a)(vi). Leach does not dispute this finding. But the Guaranty's single-purpose entity provision states that if that provision is violated, "then Lender shall have the right to seek a personal judgment against *Borrower* on this Note * * * ." The Guarantor is mentioned nowhere in this provision. It follows that the Lender does not have the right to seek a personal judgment against the Guarantor on the Note under the single-purpose entity provision. Applying the terms of the Guaranty to the facts of this case, it follows that Leach, as the Guarantor, is not liable to Wells Fargo for EHP's violation of the single-purpose entity provision. Wells Fargo

can seek a personal judgment only against EHP for the breach of the single-purpose entity provision.

{¶19} In support of its position that the Guarantor is liable under the single-entity provision, Wells Fargo points to the opening language in Section 1 of the Guaranty that states that "Guarantor hereby unconditionally, absolutely, and irrevocably guarantees and promises to pay to Lender or order, on demand * * * all sums for which Borrower is now or hereafter liable to Lender with respect to any of the following matters * * * ." But this language is followed by a series of numbered paragraphs listing conditions under which the Borrower's actions would trigger the Guarantor's liability. In contrast, the Guaranty's single-purpose entity provision is set off as an unnumbered paragraph. Unlike the other paragraphs in Section 1, the Guaranty's single-entity provision specifically names the Borrower as the only entity who is liable if the provision is violated. The language relied on by Wells Fargo does not apply to this final, unnumbered paragraph in Section 1.

{¶20} We conclude that the trial court erred in concluding that Leach was liable on the Note under the single-purpose entity provision. Accordingly, we sustain the first assignment of error.

{¶21} In Leach's second assignment of error, he argues that the trial court erred in entering the money judgment in favor of Wells Fargo and against Leach. We agree. The Guaranty's single-purpose entity provision provides that if this provision is breached, "the Lender shall have the right to seek a personal judgment against Borrower on this

Note and under any other Loan Document *with respect to any and all indebtedness secured thereby*." (Emphasis added.) According to this language, whoever is liable under the single-purpose entity provision is liable on the full amount due on the Note.

{¶22} In contrast, if a provision under Section 1(a) of the Guaranty is violated, then the Guarantor is liable only for "any liabilities costs expenses (including reasonable attorneys' fees and expenses), claims, losses or damages incurred by Lender * * * *with respect* to" that particular provision. (Emphasis added.) Wells Fargo conceded in its motion for summary judgment that breaches under Sections 1(a)(iv) and 1(a)(vi) would require proof of damages specific to the breach:

> The extent of recovery to which [Wells Fargo] is entitled is depend[e]nt on the court's determination of which recourse violations * * * EHP breached. * * * Specifically, EHP's breach of the rent and insurance proceed provisions entails more limited damages (damages specific to the breach) than its breach of the single-purpose entity requirement (full recourse for the entire loan obligation).

Wells Fargo MSJ at 19.

{¶23} Because the trial court erroneously determined in its summary judgment order that EHP and Leach were both liable under the single-purpose entity provision, at trial, Wells Fargo only put on evidence pertaining to the entire amount due on the loan. Wells Fargo did not put on any evidence specific to the damages resulting from the breaches of the insurance and rent proceeds provisions (Sections 8.2(a)(iv) and 8.2(a)(vi) in the Note and Sections 1(a)(iv) and 1(a)(vi) in the Guaranty).

{¶24} On appeal, Leach does not contest the trial court's determination that EHP breached the insurance and rent proceeds provisions. He also does not contest the fact

that he is personally liable for those breaches under the terms of the Guaranty. And we find no reason to reverse these aspects of the trial court's decision. But because the money judgment entered against Leach was based on the erroneous determination that Leach was liable under the single-entity provision, the money judgment is also erroneous. Leach is liable only for damages specific to EHP's breaches under Sections 8.2(a)(iv) and 8.2(a)(vi) of the Note. Because the trial court decided otherwise, we sustain the second assignment of error.

{¶25} The trial court's order granting summary judgment is reversed. On remand, the trial court is instructed to hold further proceedings to determine the proper extent of Leach's liability under Sections 1(a)(iv) and 1(a)(vi) of the Guaranty for EHP's breaches under Sections 8.2(a)(iv) and 8.2(a)(vi) of the Note.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR