DECISION AND JUDGMENT ENTRY
{¶ 1} Ruth Ann Faulkner appeals the Ross County Court of Common Pleas' summary judgment in favor of American Home Assurance Company ("American"). Faulkner contends that the trial court erred when it found that she was not an insured under a commercial auto policy with underinsured motorist ("UIM") coverage that American issued to Integrated Health Services, Inc. ("Integrated"). We disagree because Faulkner's injuries did not occur during the course and scope of her employment. SeeWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, paragraph two of the syllabus. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} In 2001, Faulkner was an employee of a subsidiary of Integrated, which was a named insured in a commercial auto policy with UIM coverage issued by American. In July 2001, Faulkner received injuries as a passenger on a Honda 4-wheeler All-Terrain vehicle ("ATV") operated by John Crowe, which was struck by another ATV operated by Victor Posey. The American policy provided coverage in excess of the tortfeasor's limits.
 {¶ 3} Faulkner filed an action, which included a claim for declaratory relief against American for UIM benefits under the commercial auto policy American issued to Integrated. Faulkner claimed that she was an insured under her employer's policy based on Scott-Pontzer v. LibertyMutual Insurance Co. (1999), 85 Ohio St.3d 660.
 {¶ 4} The parties filed cross-motions for summary judgment. The court granted American's motion and found that Faulkner was not covered under the policy because (1) she was not occupying a covered auto and (2) the policy did not contain the ambiguity at issue in Scott-Pontzer.
 {¶ 5} Faulkner appeals and assigns the following assignment of error: "The trial court erred in granting appellee's motion for Summary Judgment."
 II. {¶ 6} Faulkner argues that the trial court erred when it found that she was not an insured under the commercial auto policy with UIM coverage. She contends that (1) the policy contains ambiguous language that brings it within the holding of Scott-Pontzer, (2) any differentiation in the policy between corporate named insureds and individuals does not take it outside the holding of Scott-Pontzer, and (3) the covered auto limitation language of the policy does not bar her from UIM coverage.
 {¶ 7} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bosticv. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead v. Conley, 75 Ohio App.3d at 411-12. See, also,Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 8} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial.Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * *. He must present evidentiary materials showing that a material issue of fact does exist."Morehead v. Conley, 75 Ohio App.3d at 413.
 {¶ 9} We apply identical standards of interpretation to insurance contracts as we do to other written contracts. Hybud Equip. Corp. v.Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. We must give the language of an insurance policy its plain and ordinary meaning.Dairyland Ins. Co. v. Finch (1987), 32 Ohio St.3d 360, 362. When deciding whether a claimant is an insured under a policy and the contract is ambiguous and susceptible of more than one interpretation, we must liberally construe the language in favor of the policyholder, not the claimant. Galatis at ¶ 35. We review the interpretation of insurance contracts de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107, 108.
 {¶ 10} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
[1999], 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)" Galatis, supra, at paragraph two of the syllabus.
 {¶ 11} Here, we will assume, arguendo, that (1) the policy contains ambiguous language that brings it within the holding of Scott-Pontzer,
(2) the differentiation in the policy between corporate and individual named insureds does not take it outside the holding of Scott-Pontzer, and (3) the ATV was a covered vehicle under the policy. The policy named Integrated as an insured. Faulkner worked for a subsidiary of Integrated. However, Faulkner did not receive her injuries during the course and scope of her employment with the subsidiary of Integrated. Hence, Faulkner is not an insured under the policy. Scott-Pontzer as limited by Galatis. Consequently, Faulkner cannot receive UIM benefits.
 {¶ 12} Accordingly, we overrule Faulkner's sole assignment of error.
 III. {¶ 13} In conclusion, we find that Faulkner is not an insured under the UIM coverage of the American policy. We find that there is no genuine issue as to any material fact, American is entitled to judgment as a matter of law, reasonable minds can come to only one conclusion, and that conclusion is adverse to Faulkner.
 {¶ 14} Accordingly, we overrule Faulkner's assignment of error and affirm the judgment of the trial court.
Judgment Affirmed.
Harsha, J. and Abele, J., concur in Judgment and Opinion.