OPINION
{¶ 1} Plaintiff-appellant, Estate of Jeffery C. Davis, deceased, by Cara Sarnes, Administrator, appeals from a judgment of the Franklin County Court of Common Pleas denying summary judgment to plaintiff and granting summary judgment in favor of defendants-appellees, Grange Mutual Casualty Company ("Grange") and Farmers Insurance of Columbus, Inc. ("Farmers").
 {¶ 2} Plaintiff's action arises from a one-car automobile accident that occurred sometime after 6:00 p.m. on July 5, 2001. Jeffery Davis, plaintiff's decedent, was a passenger in a vehicle Matt Williams owned and operated when the vehicle hit a guardrail and rolled over, inflicting fatal injuries upon Davis. The accident occurred as Davis and Williams were on their way home from their employer's main office after working at a job site. Davis and Williams worked together performing landscaping services for RN Enterprises L.L.C. (aka RN Enterprises, Inc.) on the premises of RN Enterprises' customers at various locations in central Ohio.
 {¶ 3} According to plaintiff, RN Enterprises' president or owner, Rick Seymour, had made arrangements with Williams to transport Davis to and from work because Davis did not have a valid driver's license. Before Seymour made the arrangement with Williams, Seymour drove Davis to work. The employer initially allowed Williams to use a company vehicle to transport Davis to work, but a month before the accident Williams bought and began using his own vehicle to drive Davis to and from work. Other than the initial use of a company vehicle, the record does not reflect that RN Enterprises provided compensation of any kind to Williams for transportation he provided to Davis.
 {¶ 4} On September 11, 2002, plaintiff filed a civil complaint for damages against several defendants, including Williams, RN Enterprises, Farmers, and Grange. Plaintiff alleged that Williams' negligence caused the fatal accident and that Williams was an uninsured or underinsured driver. Plaintiff also alleged that at the time of Davis' death, Cara Sarnes, with whom Davis lived, was four months pregnant with Davis' unborn child, Macenzy Cole Davis, who was subsequently born on December 18, 2001. According to plaintiff, Sarnes and Davis were not married, but they had lived together for approximately two years and had discussed marriage.
 {¶ 5} Plaintiff brought the action against defendant Farmers on behalf of Macenzy, the purported daughter of Davis. Plaintiff alleged that at the time of the accident Cara Sarnes was the named insured on an automobile liability policy issued by defendant Farmers. Plaintiff contended that Macenzy, as Sarnes' unborn child at the time of the fatal accident, was an insured as a "family member" of the named insured under the Farmers policy and therefore was entitled to claim uninsured/underinsured motorist ("UM/UIM") benefits under the policy for losses arising from the death of her purported father, Davis. See R.C.2125.02(A)(3)(a) (providing that "[t]he date of the decedent's death fixes * * * the status of all beneficiaries of [an] action for purposes of determining the damages suffered by them[,]" including "[a] person who is conceived prior to the decedent's death and who is born alive after the decedent's death").
 {¶ 6} Plaintiff's action against defendant Grange was brought on behalf of the decedent and his family. Plaintiff alleged that Davis was acting within the course and scope of his employment with RN Enterprises when the accident occurred and therefore was entitled to UM/UIM coverage under a commercial package insurance policy Grange issued to RN Enterprises.
 {¶ 7} Plaintiff and defendants Farmers and Grange all moved for summary judgment on plaintiff's respective claims. In decisions issued September 2, 2003 and journalized in entries filed September 11, 2003, the trial court denied plaintiff's summary judgment motion, granted summary judgment to defendants Farmers and Grange, and dismissed plaintiff's claims against defendants. Plaintiff appeals, assigning the following errors:
Assignment of Error No. 1
The trial court erred in failing to grant summary judgment to plaintiff, finding the decedent's minor unborn child, Macenzy, qualified as an insured under her mother's policy of insurance with farmers insurance, entitling macenzy to uninsured/underinsured motorist benefits as the result of the death of her father caused by the negligence of an underinsured defendant, and erred in granting summary judgment to defendant farmers insurance on the same issue.
Assignment of Error No. 2
The trial court erred in failing to find the decedent, Jeffery Davis, qualified as an insured under the contract of insurance with grange mutual casualty company, entitling the decedent and the decedent's family to uninsured/underinsured motorist benefits as a result of the death of jeffery davis due to the negligence of an underinsured defendant driver, and erred in granting summary judgment to defendant grange insurance on the same issue.
 {¶ 8} Because plaintiff's assignments of error arise out of the trial court's rulings on the parties' motions for summary judgment, we view the dispositions independently and without deference to the trial court's determination. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. In conducting our review, this court applies the same standard the trial court employed. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107, jurisdictional motion overruled (1993),66 Ohio St.3d 1488. Summary judgment should be rendered only where the evidence demonstrates that: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C);State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183.
 {¶ 9} In the first assignment of error, plaintiff asserts the trial court erred in granting summary judgment to Farmers on plaintiff's claim that Sarnes' automobile liability policy with Farmers provided UM/UIM coverage to Macenzy, an unborn child of Sarnes at the time of the fatal accident, for losses arising out of the death of her purported father, Davis. Plaintiff contends the trial court erroneously found in its disposition that: (1) the unborn child was not a viable fetus at the time of the accident and therefore was not a "person" for purposes of claiming UM/UIM coverage under the policy, (2) the child was not entitled to claim UM/UIM coverage under the Farmers policy for losses arising from the death of Davis because he was not an "insured person" under the policy, and (3) plaintiff did not establish Davis' paternity of Macenzy for purposes of her recovering losses arising from his death.
 {¶ 10} We first address plaintiff's contention that the trial court erred in finding that plaintiff cannot recover UM/UIM benefits on behalf of Macenzy under Sarnes' automobile liability policy with Farmers because Davis was not an insured under the policy. In our analysis, we will assume, without so deciding, that (1) Macenzy, as Sarnes' unborn child at the time of Davis' death, was a "person" for purposes of asserting a claim for UM/UIM coverage under the Farmers insurance policy, and (2) sufficient proof of Davis' paternity of the child has been presented to legally entitle her to recover losses arising from his death.
 {¶ 11} In Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, the Ohio Supreme Court held that the statutory law in effect at the time of contracting for insurance or renewing the policy defines the scope of UM/UIM coverage. Here, the parties agree that R.C. 3937.18, as amended by S.B. No. 267, effective September 21, 2000, is the applicable law to be applied to the policy at issue. Accordingly, we do not apply the most recent amendment to the statute, enacted on October 31, 2001 pursuant to S.B. No. 97, which significantly changed UM/UIM coverage in Ohio.
 {¶ 12} Plaintiff argues the insurance policy Farmers issued to Sarnes, that was in effect on the date of Davis' fatal accident, did not avail itself of S.B. No. 267, which amended the UM/UIM statute to authorize automobile liability insurers to limit recovery to insureds legally entitled to recover because of bodily injury, including death, "suffered by any person insured under the policy." Plaintiff contends the Farmers insurance policy is ambiguous, and therefore should be construed in plaintiff's favor, because it retained language allowing an insured to recover damages because of bodily injury or death of "any person."
 {¶ 13} Interpretation of an automobile liability insurance policy presents a question of law that is reviewed without deference to the trial court. See, e.g., Nationwide Mut. FireIns. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108. When the language utilized in an insurance policy is clear and unambiguous, the policy must be enforced as written, giving words used in the policy their plain and ordinary meaning. SeeCincinnati Indemn. Co. v. Martin (1999), 85 Ohio St.3d 604,607. However, "[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." Clark v. Scarpelli (2001), 91 Ohio St.3d 271,282, quoting King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, syllabus.
 {¶ 14} As plaintiff notes, the automobile liability insurance policy Farmers issued to Sarnes defines "bodily injury" as bodily injury or death of "any person." (Definitions section, Farmers insurance policy.) The policy, however, then restricts who may claim UM/UIM coverage under the policy because of bodily injury. Specifically, in accordance with S.B. No. 267, the policy expressly limits UM/UIM coverage under the policy to "all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured person." UM/UIM coverage is not provided to "any person" who sustains bodily injury. Thus, even if Macenzy, as an unborn child at the time of Davis' death, arguably was an "insured person" under the policy, she is not entitled to UM/UIM benefits under the policy because she did not sustain the bodily injury on which plaintiff's claim against the Farmers policy is based. Rather, the bodily injury was sustained by Davis, the decedent, who plaintiff concedes was not an "insured person" under the policy.
 {¶ 15} Accordingly, because Davis was not an insured person under the Farmers policy, and because Macenzy did not sustain bodily injury, plaintiff has no claim for UM/UIM coverage under the policy on behalf of Macenzy for losses arising from Davis' bodily injury and death. Our decision on this issue being dispositive of plaintiff's claim against Farmers, we need not decide (1) whether Macenzy, as an unborn child at the time of decedent's fatal accident, was a "person" for purposes of claiming UM/UIM coverage under the policy, and (2) whether plaintiff established Davis' paternity of the child for purposes of her recovering losses arising from his death. Plaintiff's first assignment of error is overruled.
 {¶ 16} In the second assignment of error, plaintiff asserts the trial court erred in granting summary judgment in favor of Grange on plaintiff's claim that Davis' estate is entitled to UM/UIM benefits under RN Enterprises' commercial insurance policy with Grange. Specifically, plaintiff contends the trial court erred in finding Davis' estate is precluded from claiming UM/UIM coverage under the employer's insurance policy because Davis was not within the course and scope of his employment when he sustained the fatal injuries.
 {¶ 17} In support of its motion for summary judgment on its claim for UM/UIM coverage under the Grange policy, plaintiff submitted an affidavit of Sarnes, stating in relevant part:
Jeffrey worked for Rick Seymour's corporation, RN Enterprises, L.L.C. He was on his way home from work at the time of his death. He rode to work that day with Matthew Williams. Matt was supposed to give him a ride home. Jeff did not have his driver's license, so his employer had made arrangements for Matt to pick up and drop off Jeff, so they both could work. At the time of this incident, Jeff had worked for this particular employer off and on for approximately five (5) years.
 {¶ 18} In response, Grange argued that Davis was not an "insured" under RN Enterprises' policy for purposes of UM/UIM coverage because, in addition to not satisfying other policy requirements for an "insured," Davis was not "acting within the scope of [his] duties in the conduct of [RN Enterprises'] business," as the terms of the policy require. To that end, Grange presented the trial court with an affidavit of Rick Seymour, RN Enterprises' president or owner, attesting that prior to the automobile accident that resulted in Davis' death, Davis and Williams "returned to RN Enterprises, Inc. and secured Mr. Williams' private vehicle to travel home." Seymour further stated that Williams was operating his personal vehicle when the accident occurred; that the accident "occurred after work hours and while the Defendant Williams and the decedent Davis were on their own time going from work to whatever location that they intended to travel to." According to Seymour's affidavit, neither Davis nor Williams was working for or in the scope of their employment with RN Enterprises when the fatal accident occurred. Lastly, Seymour attested that neither he nor RN Enterprises had any informal arrangement or agreement that worked to the benefit of RN Enterprises to secure the travel arrangements of Davis to and from his place of employment.
 {¶ 19} The trial court concluded that the terms of the policy issued to the decedent's employer control "who is an insured" under the policy for purposes of UM/UIM coverage. That policy language provides, in pertinent part:
A. COVERAGE
1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or operator of:
a. An "uninsured motor vehicle" * * * because of "bodily injury":
(1) Sustained by the "insured"; and
(2) Caused by an "accident".
* * *
B. WHO IS AN INSURED
1. You, subject to the following:
* * *
b. If you are a corporation, only officers of the corporation while "occupying" a covered "auto" you own, hire or borrow and while acting within the scope of their duties in the conduct of your business are "insureds";
* * *
d. If you are a limited liability company, only members of the limited liability company while "occupying" a covered "auto" you own, hire or borrow and while acting within the scope of their duties in the conduct of your business are "insureds".
("Ohio Uninsured Motorists Coverage — Bodily Injury" Section of the Grange insurance policy issued to RN Enterprises).
 {¶ 20} After considering the parties' evidence, the trial court found Davis was not an "insured" pursuant to Section B.1.d. of the policy because no evidence was presented that at the time of the fatal accident Davis was (1) a member of the limited liability company, (2) occupying a vehicle that was RN Enterprises owned, and (3) acting within the scope of his employment. Thus, the court granted summary judgment to Grange. While the trial court analyzed "who is an insured" solely with regard to a limited liability company, the record refers to RN Enterprises as both "RN Enterprises, Inc." and "RN Enterprises LLC." Whether RN Enterprises is a limited liability company or a corporation, the relevant policy language defining "who is an insured" is identical for purposes of our analysis.
 {¶ 21} On appeal, plaintiff takes issue with the trial court's finding that Davis was not within the course and scope of his employment when he was fatally injured in the automobile accident. Plaintiff contends Davis was in the course and scope of his employment when he sustained his fatal injuries because, as in Ruckman v. Cubby Drilling (1998), 81 Ohio St.3d 117, the injuries were sustained in an automobile accident as Davis and his co-employee Williams were en route to or from a job site located on a customer's premises where they had performed landscaping work on behalf of their employer. Plaintiff argues that, as a result of applying Ruckman, Davis was entitled to UM/UIM coverage under his employer's insurance policy, in accordance with Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 22} The Ohio Supreme Court decided Galatis after the trial court's proceedings in this case were completed. The parties agree that Galatis applies retrospectively to plaintiff's claim against the policy Grange issued. See, e.g.,Adams v. Osterman, Franklin App. No. 03AP-547, 2004-Ohio-1412;Boerger v. Davis, Franklin App. No. 03AP-805, 2004-Ohio-3882. In Galatis, the Supreme Court observed that "uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy." Id. at ¶ 20. The court limited Scott-Pontzer, infra, and held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co.
[1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied;Scott-Pontzer v. Liberty Mut. Fire Ins. Co. [1999],85 Ohio St.3d 660, 710 N.E.2d 1116, limited)." Galatis, at paragraph two of the syllabus.
 {¶ 23} Applying the rationale of Galatis, we first note that although plaintiff's affidavit in the trial court states that Davis was "on his way home from work at the time of his death[,]" the affidavit does not state that Davis and Williams were en route to or from a job site located on a customer's premises where they had performed landscaping work on behalf of their employer. As a result, the affidavit does not rebut the factual averments in Grange's affidavit that, unlike Ruckman,
supra, neither Davis nor Williams was working for or in the scope of employment with RN Enterprises when the fatal accident occurred. Moreover, although plaintiff argues on appeal that RN Enterprises' arrangement with Williams to drive Davis to and from work benefited the employer and advanced its interest such that Williams' transporting Davis to and from work was "within the course and scope of their employment," plaintiff submitted no evidentiary material in the trial court to rebut Grange's factual averment that that travel arrangement did not work to the benefit of RN Enterprises. In any event, the arrangement for Williams to drive Davis to and from work was arguably as much for Davis' benefit as it was for RN Enterprises' benefit.
 {¶ 24} Further, the policy Grange issued to RN Enterprises specifically provides that in order for a person to claim UM/UIM coverage as an insured under the policy, the person must establish that he or she sustained bodily injury caused by an accident "while acting within the scope of [the person's] duties in the conduct of [RN Enterprises'] business." In other words, a causal connection must be established between the injury and employment for the injury to be compensable under the policy. See, e.g., Ruckman, supra (referring to the "arising out of" prong of a workers' compensation claim).
 {¶ 25} Here, although RN Enterprises' business obligations necessitated Davis' and Williams' travel to and from customers' premises, the evidence indicates that the scope of their duty in the conduct of their employer's business was to perform landscaping services for RN Enterprises' customers. SeeRuckman, at 121-122. When viewed in a light most favorable to plaintiff, the evidence in this case indicates that the automobile accident in which Davis sustained his fatal injuries took place some time after Davis and Williams had completed their landscaping duties on July 5, 2001 on behalf of RN Enterprises, as the evidence does not indicate that the accident occurred at a location where the employer's business was conducted.
 {¶ 26} Because plaintiff failed to present evidence that Davis was acting in the scope of his duties in the conduct of RN Enterprises' business when he sustained fatal injuries in an automobile accident on his way home from work, plaintiff failed to raise a question of material fact that Davis was an "insured" under the terms of his employer's insurance policy and was therefore entitled to UM/UIM coverage under the policy. Accordingly, the trial court did not err in granting summary judgment to Grange on plaintiff's claim for UM/UIM coverage under the policy. Plaintiff's second assignment of error is overruled.
 {¶ 27} Having overruled both of plaintiff's assignments of error, we affirm the trial court's judgment.
Judgment affirmed.
Brown and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.