OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Patricia Bilow ("appellant"), from a judgment of the Franklin County Court of Common Pleas, in which that court granted summary judgment in favor of defendant-appellee, Nationwide Mutual Insurance Company ("appellee"), on appellant's claims for declaratory judgment, breach of contract and tortious failure to act in good faith.
 {¶ 2} In the court below, the parties stipulated to the following facts. Appellant is the grandmother of Cassondra Bilow ("Cassondra"). Cassondra did not regularly live in appellant's household. On June 15, 2002, Cassondra was killed in an automobile accident involving a vehicle driven by an uninsured motorist and another vehicle driven by Abigail Bilow, Cassondra's mother. Cassondra was a passenger in her mother's vehicle. The uninsured motorist was ultimately convicted of aggravated vehicular homicide in connection with Cassondra's death. At the time of the accident, appellant was the holder of a personal automobile liability policy of insurance issued by appellee ("the policy"). The policy provided for uninsured motorist ("UM") coverage with a limit of $300,000.
 {¶ 3} On May 29, 2003, following denial of her claim for UM coverage for her damages as a statutory wrongful death beneficiary, appellant instituted this action. On October 22, 2003, appellant filed a motion for partial summary judgment, and on November 7, 2003, appellee filed a memorandum in opposition to that motion, as well as its own motion for summary judgment. On February 11, 2005, the trial court journalized a decision and entry denying appellant's motion and granting appellee's motion. On March 3, 2005, the court journalized an order dismissing all of appellant's claims.
 {¶ 4} Appellant timely appealed, and asserts a single assignment of error for our review:
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO NATIONWIDE MUTUAL INSURANCE COMPANY AND IN DENYING PATRICIA BILOW'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS THE POLICY LANGUAGE CLEARLY PROVIDED COVERAGE FOR PLAINTIFF'S DAMAGES, OR AT THE LEAST, WAS AMBIGUOUS REGARDING SUCH COVERAGE.
 {¶ 5} We begin by recalling the standards applicable to our review of a trial court's grant of summary judgment. We review the trial court's grant of summary judgment de novo. CoventryTwp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Rels. Bd.,78 Ohio St.3d 181, 183, 677 N.E.2d 343. We construe the facts gleaned from the record in a light most favorable to appellant, as is appropriate on review of a summary judgment. We review questions of law de novo. Nationwide Mut. Fire Ins. Co. v. GumanBros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, citing Ohio Bell Tel. Co. v. Pub. Util. Comm. (1992),64 Ohio St.3d 145, 147, 593 N.E.2d 286.
 {¶ 6} First, we will examine the pertinent provisions of the policy. The policy defines "relative" as "a natural person who regularly lives in your household and who is related to you
by blood, marriage or adoption (including a ward or foster child)." (Declarations Page 1.) (Emphasis sic.) Accordingly, Cassondra is not a "relative" under the policy. "Insured" means "one who is entitled to protection under each coverage." (Id.) "You" means, inter alia, the policyholder. (Id.)
 {¶ 7} The UM portion of the policy provides, in part:
YOU AND A RELATIVE
We will pay compensatory damages, including derivative claims, that you or a relative are legally entitled to recover from the owner or driver of an uninsured motor vehicle under the tort law of the state where the motor vehicle accident occurred, because of bodily injury suffered by you or arelative resulting from the motor vehicle accident.
(Uninsured Motorists Coverage, U1.) (Emphasis sic.)
 {¶ 8} Upon a reading of the UM coverage it is clear that Cassondra is not an "insured" under the UM portion of the policy because she is not the policyholder ("you") and is not a "relative." Appellant, however, is an insured because she is the policyholder. Appellee's position is that the above coverage language expressly restricts UM coverage to only those persons who are insureds under the policy and who actually sustain bodily injury. Thus, appellant's claim for damages is barred because her claim does not involve an insured (either appellant or a "relative") who has suffered bodily injury.
 {¶ 9} On the other hand, appellant argues that her claim is not barred because she suffered "damages" as a result of Cassondra's death. Citing the case of Moore v. State Auto Mut.Ins. Co. (2000), 88 Ohio St.3d 27, 723 N.E.2d 97, she argues that her claim is not barred simply because an insured did not suffer bodily injury. She advances the argument that the phrase "suffered by you or a relative" in the UM section refers to "damages" instead of "bodily injury."
 {¶ 10} The trial court concluded that "suffered by you or a relative" modifies the phrase immediately preceding it, which is "bodily injury," and, thus, an insured must personally sustain bodily injury in order for coverage to be warranted under the UM portion of the policy.
 {¶ 11} The parties agree that the version of the UM statute — R.C. 3937.18 — that is applicable hereto is the version amended by S.B. 97 in 2001, which is different than the version applicable in Moore. In Moore, the court was dealing with former R.C. 3937.18(A)(1), which required that all motor vehicle policies issued in Ohio include an offer of UM coverage. Given the mandate contained in that statute, any UM policy language could not limit such coverage in any way inconsistent with the language of the statute. The version of the statute at issue inMoore provided as follows:
(A) No automobile liability * * * policy of insurance * * * shall be delivered or issued for delivery in this state * * * unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
(1) Uninsured motorist coverage, which * * * shall provide protection for bodily injury or death * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, suffered by any person insured under the policy.
 {¶ 12} In Moore, the plaintiff argued that the insurer could not limit coverage to automobile accidents in which an insured suffers bodily injury because the phrase "suffered by such persons" found in Section (A) of R.C. 3937.18 referred to "loss" and the phrase "suffered by any person insured under the policy" found in subsection (A)(1) referred to "damages." The Supreme Court of Ohio found the language in Section (A) ambiguous, and further determined that the rules of statutory construction compelled a finding in favor of coverage. The court held, at the syllabus, "R.C. 3937.18(A)(1), as amended by Am.Sub.S.B. No. 20, does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer."
 {¶ 13} The version of R.C. 3937.18 that is applicable to this case does not contain the mandate for coverage that was part of the former version of the statute. The applicable version provides, in pertinent part:
(A) Any policy of insurance delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state that insures against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle, may, but is not requiredto, include uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages.
* * *
(C) If underinsured motorist coverage is included in a policy of insurance, the underinsured motorist coverage shall provide protection for insureds thereunder for bodily injury, sickness,or disease, including death, suffered by any insured under thepolicy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the underinsured motorist coverage.
(Emphasis added.)
 {¶ 14} The italicized language in Section (C) of the new version, reprinted above, is virtually identical to the language used in the policy, in that the phrase "suffered by an insured under the policy" immediately follows the phrase, "bodily injury, sickness or disease, including death." Thus, unlike the Moore
court, we are not faced with contract language that differs in any significant way with the applicable statute that mandates the scope of the coverage described in the policy. We need not determine whether the policy complies with a legislative mandate; rather, we need only determine what the policy language means. Put another way, this is a matter of simple contract interpretation.
 {¶ 15} Interpretation of an automobile liability insurance policy presents a question of law that is reviewed without deference to the trial court. See, e.g., Nationwide Mut. FireIns. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108,652 N.E.2d 684. When the language utilized in an insurance policy is clear and unambiguous, the policy must be enforced as written, giving words used in the policy their plain and ordinary meaning. See Cincinnati Indemn. Co. v. Martin (1999), 85 Ohio St.3d 604,607, 710 N.E.2d 677. However, "where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." Clark v.Scarpelli (2001), 91 Ohio St.3d 271, 282, 744 N.E.2d 719, quoting King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208,519 N.E.2d 1380, syllabus.
 {¶ 16} In our view, the policy language is clear and unambiguous. The phrase "suffered by you" immediately follows — and thus refers to — "bodily injury." It is clear that a person insured under the policy must actually sustain bodily injury in order to recover damages under the UM portion of the policy. SeeEstate of Davis v. Grange Mut. Cas. Co., 10th Dist. No. 04AP-517, 2004-Ohio-6730, ¶ 14-15.
 {¶ 17} This notion is made even more plain by a reading of the Coverage Exclusions section of the UM portion of the policy. This section provides, in pertinent part:
B. This coverage also does not apply to:
* * *
2. Any claim by an insured arising out of bodily injury
sustained by any person who is not an insured under this policy.
(Page U3.)
 {¶ 18} The foregoing exclusion, alone, bars appellant's claim because the claim is made "by an insured" (appellant) and arises out of "bodily injury sustained by any person who is not an insured under the policy" (Cassondra). However, it also serves to reinforce the notion that the intent of the parties, in agreeing upon the language in the UM coverage section, was that UM coverage would be limited to automobile accidents in which an insured personally sustained bodily injury. Appellant is an insured but did not sustain any bodily injury; Cassondra sustained bodily injury, but is not an insured. Thus, the policy does not cover appellant's claim for her own damages sustained when an uninsured driver tragically took Cassondra's life. Accordingly, the trial court correctly granted judgment as a matter of law in favor of appellee.
 {¶ 19} For all of the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Klatt, JJ, concur.