DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, GMS Management Company, appeals the decision of the Summit County Court of Common Pleas awarding only attorney fees in its favor. Appellee has cross-appealed, asserting that the trial court's decision awarding attorney fees to Appellant, Cross-Appellee, was in error.
 {¶ 2} In November of 1993, the parties entered into a lease for property located in Summit County, Ohio. The lease commenced on December 1, 1993, for an initial five-year term. During the initial five year term, Appellee operated an optical store on the premises, known as Diamond Optical. The lease contained an option to extend the term upon the expiration of the initial lease term for a second five-year period commencing on December 1, 1998. Appellee exercised that option on November 30, 1998.
 {¶ 3} In October of 2002, with thirteen months left on her lease, Appellee vacated the premises. Prior to vacating the premises, Appellee had requested of Appellant on three occasions that she be permitted to assign her lease to other businesses. Appellant refused on each occasion to permit the assignment.
 {¶ 4} Appellant thereafter filed the underlying suit in Cuyahoga County on October 14, 2003, for rent past due and other damages. The case was transferred from the Cuyahoga County Court of Common Pleas to Summit County in January of 2004. After an unsuccessful mediation, the matter was set for trial on August 25, 2004, and later rescheduled for February 3, 2005. Appellant filed a motion to strike the jury demand on January 14, 2005, which was denied on January 25, 2005. The case eventually proceeded to trial on May 31, 2005. On that day, Appellant again requested the trial court to strike Appellee's jury demand. The trial court overruled the previous order denying Appellant's motion and affirmed Appellant's request. The case then proceeded to a bench trial. By journal entry dated June 23, 2005, the trial court found that Appellant was entitled to a $5,000.00 award for attorney's fees from Appellee, and dismissed the remainder of Appellant's claims.
 {¶ 5} Appellant now appeals, asserting four assignments of error for our review. Appellee has cross-appealed, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR I
"The Court below committed reversible error in finding that Appellant first breached the lease between the parties?"
 {¶ 6} In its first assignment of error, Appellant maintains that the trial court erred by finding that Appellant was the party who first breached the lease. Appellant maintains that Appellee was the breaching party and the trial court's decision otherwise was in error. We agree.
 {¶ 7} "Generally, a breach of contract occurs when * * * the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach." (Citations omitted.) Garofalo v. ChicagoTitle Ins. Co. (1995), 104 Ohio App.3d 95, 108. In reviewing a breach of contract claim, we are required to interpret the contract so as to carry out the intent of the parties, which we presume is reflected in the language that they chose in forming their agreement. Foster Wheeler Enviresponse, Inc. v. FranklinCty. Convention Facilities Auth. (1997), 78 Ohio St.3d 353, 361;Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635,638. Interpretation of clear and unambiguous contract terms is a matter of law, thus, we conduct a de novo review. NationwideMut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
 {¶ 8} In the instant case, the trial court considered Sections 8 and 35 of the lease and determined that Appellant unreasonably withheld its consent when it refused to permit any of the replacement tenants that Appellee had found to take over the lease. Concluding that Appellant unreasonably withheld its consent, the trial court found that Appellant had breached first, which relieved Appellee of her remaining obligations under the lease agreement.
 {¶ 9} Appellant, pointing to the same two sections of the lease, argues that the lease restricted Appellee's right to assign or sublease the space to an optician's office. Since Appellee did not present any prospective tenants that would operate an optician's office, Appellant did not unreasonably withhold its consent.
 {¶ 10} The relevant sections of the lease provide as follows:
"SECTION 8 — USE
"(A) Tenant shall use and occupy the Premises solely for the operation of an opticians office engaging in the retail sale of eyeglasses and accessories, and for no other purpose.
* * *
"(C) Tenant agrees not to use or permit or suffer the Premises, or any part thereof, to be used by anyone for any other business or purpose than that specifically defined and permitted by this Section without written approval and consent of the Landlord."
"SECTION 35-ASSIGNMENT AND SUBLETTING
"(A) The Tenant * * * shall not * * * assign or in any manner transfer this Lease voluntarily or involuntarily, by operation of law or otherwise, nor shall the Tenant permit the Premises or any part thereof to be sublet, used or occupied for the conduct of any business by third person or business entity, or for any purpose other than is herein authorized without the prior written consent of the Landlord, which consent is not to be withheld unreasonably."
 {¶ 11} We note that "[u]nder Ohio law, a lease is assignable unless such assignment is expressly limited by the lease itself."Lincoln Square, Inc. v. Kroger Co. (Aug. 29, 1988), 5th Dist. No. CA-7463, at 2, citing Crowe v. Riley (1900), 63 Ohio St. 1. In this case, we find that the assignment of Appellee's lease was clearly limited by the language in the lease restricting use of the space to an optician's office. Section 8 of the lease, the use clause, clearly restricts use of the rental space to a business engaged in the retail sale of eyeglasses. It specifically provides that the space can be used for no other purpose than for the operation of an optician's office. Section 35 of the lease provides that the tenant (Appellee) cannot transfer or sublet the property for operation of any business other than for the purposes authorized in the lease. The purposes as authorized by the lease are restricted to use as an optician's office.
 {¶ 12} Appellee submitted information of a potential sub-lessee/assignee to Appellant in May, 2002. Appellant rejected the prospective tenant on the basis that the business that the tenant wished to engage in was a hair braiding business and not an optician's office. In July, 2002, Appellee submitted a second potential assignee/sub-lessee, which was also rejected by Appellant on the basis that the business was a beauty salon and not an optician's office. Appellee submitted a third and final prospective tenant to Appellant in October, 2002, which was likewise rejected as that tenant wished to operate a charitable office, and not an optician's office. In November of 2002, Appellee vacated the premises and moved her optician's business to a location less than five miles away from Appellant's property, in further violation of the lease agreement.[1]
 {¶ 13} We find that the language in the lease clearly restricts any assignee or sub-lessee to the operation of an optician's office. As such, we find that the trial court erred in concluding that Appellant was the first party to breach. We affirm Appellant's first assignment of error and reverse and remand the matter to the trial court for damages to be assessed accordingly.
 ASSIGNMENT OF ERROR II
"The Court below committed reversible error in failing to award Appellant proven damages for Appellee's breach of the lease."
 ASSIGNMENT OF ERROR III
"The Court below committed reversible error in its judgment which is against the manifest weight of the evidence."
 ASSIGNMENT OF ERROR IV
"The Court below committed reversible error in requiring Appellant to pay the costs of a jury trial."
 CROSS-APPELLANT'S ASSIGNMENT OF ERROR
"The Court below committed reversible error in finding Appellant/Cross-Appellee was entitled to reasonable attorney's fees pursuant to section 38(M) of the lease agreement, and thereafter awarding the sum of $5,000 in attorney fees to Appellant/Cross-Appellee."
 {¶ 14} In Appellant's remaining assignments of error and Cross-Appellant's assignment of error, the damages awarded by the trial court are being contested. Above we reversed the decision of the trial court finding that Appellant was the first party to breach the contract and we remanded for a new assessment of damages. Given this Court's resolution of Appellant's first assignment of error, Appellant's remaining assignments of error and Cross-Appellant's assignment of error are rendered moot, and we decline to address them. See App.R. 12(A)(1)(c).
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Moore, J. Boyle, J. concur.
[1] Section 45(A) of the lease agreement provides as follows:
"The Tenant agrees that throughout the Term it shall not suffer or permit any person under its control or connected or affiliated with it * * * to, engage directly or indirectly in any business which is the same as, or similar to, or in competition with, the Tenant's business in the Leased Premises * * * within a radius of five (5) miles from any point on the perimeter of the Shopping Center."